PITZNER VS. SHINNICK.

*(1–3) Apportioning division fences, for maintenance. (4) One of two parties alike bound to repair fence cannot charge the other with negligence in failing to repair it.*

1. For apportioning division fences between adjoining land-owners, and imposing upon each the duty of maintaining his assigned portion, the statute (R. S., ch. 17) provides but two ways by which such apportionment becomes binding not only upon the parties to the proceeding but upon their heirs and assigns, viz.: by the action of fence-viewers, and by written agreement, executed with certain formalities, and recorded.

2. Whether a parol agreement for such an apportionment, adopted and acted upon, is good between the parties thereto until revoked by one on notice to the other, is not here decided; but it will *not* bind grantees or lessees who have not recognized or acted upon it.

3. One question in the case was, whether plaintiff's failure to repair a certain portion of the division fence between the parties, was negligence contributing to the injury to his cattle for which he sues. Defendant offered to show that before plaintiff went into possession of the premises from which said cattle escaped upon defendant's land, such fence had been apportioned by parol agreement between defendant and *plaintiff's landlord;* that the repair of that portion here in question belonged under such agreement to plaintiff; and that he knew of such apportionment, "having been informed of it by his landlord and by defendant previous to the accident." *Held,* that the evidence would not show an apportionment binding upon defendant, and was properly rejected.

4. Both parties alike being bound to keep the division fence between them in repair, plaintiff's cattle escaped upon defendant's premises, and thence, by a gate left open by defendant's fault, between his land and a railway, got upon the railway track and were injured. *Held,* that defendant could not set up plaintiff's failure to repair said division fence as contributory negligence.

APPEAL from the Circuit Court for *Jefferson* County.

Action for the value of plaintiff's cows killed upon a railway track, upon which they entered from defendant's land, through a gate in the railroad fence alleged to have been left open through defendant's negligence. The decision of this court on a former appeal herein, reversing a judgment of non-

suit, is reported in 39 Wis., 129–137, where the grounds of the action are more fully stated, and the statute under which it was brought (Tay. Stats., 1044, § 36) is recited (on p. 131).

The evidence on the second trial as to defendant's negligence in leaving open the gate, was similar to that given upon the former.

After plaintiff had testified in his own behalf, that the cattle in question crossed the division fence between his own and defendant's premises, in the northern part of said fence, and that this was in a defective condition, he was asked, upon cross examination, "Wasn't it your duty to keep this fence in order where those cattle got over?" The question was overruled. The witness, having then testified that he rented the farm occupied by him from a Mr. Ulm, was asked, "Did Mr. Ulm point out to you and tell you that this north half of this line fence belonged to him to keep in repair; that it had been divided, and [this] was his portion?" This question was also excluded. The defendant, in his own behalf, testified: "I have very frequently had conversations with the plaintiff about his cattle being on my land. I told him to do something about that fence [referring to the northern part of the division fence]; to get some stuff and build that fence, and keep his cows at home. He said he would, and that he would get some rails from Mr. Ulm when he had time; he always made some excuse." The witness was then asked, "Had that line fence between you and the plaintiff been divided previous to the date of the accident?" The question being objected to by the plaintiff, the court said: "If you mean to follow it by proof of a division such as the statute requires, you may show it; but you are not at liberty to prove a division by parol." The defendant then offered to show that before plaintiff went into possession of the premises occupied by him, said fence had been apportioned by parol agreement between defendant and plaintiff's landlord; that the portion thereof over which the cattle passed upon defendant's land, belonged to the plaintiff

to repair and keep in order; and that plaintiff knew of this division, having been informed of it by his landlord and by defendant previous to the accident.    This offer was rejected.

The court instructed the jury in substance, that if the cattle escaped upon the railroad track through an open gate in the railroad fence, which was opened and left open by defendant, and were killed in consequence thereof, without fault on plaintiff's part, he was entitled to recover; that it was not material, in that case, to inquire whether the cattle were trespassers on defendant's land; that plaintiff's knowledge that the gate was open before the accident, could not be construed into consent on his part that it should remain open, nor operate to defeat his remedy; that plaintiff was held only to the exercise of ordinary care and prudence in the manner in which he provided for the cattle being kept in his enclosure, with reference to his surroundings; that unless the fence between the lands occupied by the respective parties had been " divided according to the statutes," plaintiff could not be charged with negligence or a violation of duty in failing to keep any portion of said fence in repair; but that if he knew that such fence was insufficient to keep his cattle upon his own premises, and that they were accustomed to go upon defendant's premises, and that the gate was allowed to stand open, and his cattle were liable to go upon the track, then it was for the jury to determine whether it was negligence on his part to allow the cattle to run in his own pasture under such circumstances; and that the negligence which would defeat plaintiff's recovery was the absence of that ordinary care which sensible men would observe under like circumstances.

Verdict for the plaintiff; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, a brief was filed signed by *Vilas & Bryant*, of counsel, and the cause was argued orally by *Mr. Bryant*.    They contended,   1. That the parol agreement for division of the line fence, which had been acted on by the ad-

joining owners, the plaintiff's landlord and the defendant, was valid and binding on the parties, and the statute of frauds had no application. *Guyer v. Stratton*, 29 Conn., 421; *York v. Davis*, 11 N. H., 243; *Glidden v. Towle*, 31 id., 163; *Tupper v. Clark*, 43 Vt., 200 (compare R. S. of Vt., 1870, p. 627, sec. 13); *Talmadge v. R. & S. R. R. Co.*, 13 Barb., 493; *Jackson v. Dysling*, 2 Caines, 197; *Vosburgh v. Teator*, 32 N. Y., 561, and cases there cited; 1 Cow. Treat. (3d ed.), 420, 424. To the point that a parol agreement fixing a *division line* is valid, see *Davis v. Townsend*, 10 Barb., 333; *Corkhill v. Landers*, 44 id., 218; *Sellick v. Addams*, 15 Johns., 197; *Jackson v. Gager*, 5 Cow., 383; *Robinson v. M'Niel*, 12 Wend., 583; *Vosburgh v. Teator, supra*; *Jamison v. Petit*, 6 Bush, 669; *Kellum v. Smith*, 65 Pa. St., 86; *Kincaid v. Dormey*, 47 Mo., 337; *Penn v. Lord Baltimore*, 1 Ves. Sr., 444; *Buzzell v. Gallagher*, 28 Wis., 678. 2. That whether such a division of a partition fence be binding or not, an agreement by one party that he will keep up his partition fence, upon which agreement he knows that the other will rely, is sufficient to charge him with negligence, if, by reason of his failure to maintain the fence, his cattle trespass upon his neighbor. 3. That it was error to make the question of plaintiff's negligence depend upon his *knowledge* of the fact that his cattle were *accustomed* to go upon defendant's premises. It was enough that he was *bound* to know their *liability* to do so, in the condition of the division fence, with which he was well acquainted. 4. That upon the evidence it was clear that defendant was not, but plaintiff was, guilty of negligence in leaving the gate open; and the court therefore erred in refusing a new trial.

*Harlow Pease*, for the respondent, argued, 1. That the evidence of a parol division of the line fence was properly excluded. The provisions of the statute regulating the manner of making such a division (Tay. Stats., p. 380, § 2, and p. 381, § 7, and p. 383, § 18), are the foundation of all the legal ob-

ligations imposed upon citizens to make and repair fences. *Rust v. Low*, 6 Mass., 95. Not one of the cases cited by appellant's counsel to show the effect of a parol division under a statute like ours, holds that such a division is binding upon heirs or assigns. The defendant's offer was therefore defective in not including proof that the plaintiff was in any way a party to the alleged parol agreement. It was also defective in not including proof that the lands were " inclosed with fences." *Bechtel v. Neilson*, 19 Wis., 49; *Hazard v. Wolfram*, 31 id., 194. 2. That the question of contributory negligence was submitted to the jury under proper instructions. The fact that plaintiff's cows were trespassers on defendant's land is no defense (*Laude v. Railway Co.*, 33 Wis., 640); nor is the fact (if proven) that plaintiff knew that the gate was allowed to stand open. *Laude v. Railway Co., supra*; *McCoy v. Railroad Co.*, 40 Cal., 532. The whole charge is within the doctrine laid down by this court on the first appeal herein (39 Wis., 129); and the court will not go behind the verdict. *Wheeler v. Westport*, 30 Wis., 392, and cases there cited.

Cole, J. This case principally turns upon the following offer of evidence made by the counsel for the defendant on the trial: " I offer to show that, previous to this accident, previous to the plaintiff going on to these premises to live, this fence between the plaintiff and defendant had been divided by virtue of a parol agreement between the defendant and the plaintiff's landlord; and that the north half, and the place where the cattle got over onto the defendant's land, as claimed by the plaintiff, belonged to the plaintiff to repair and keep in order; and that the plaintiff knew of this division, having been informed of it by his landlord and by the defendant previous to the accident." The testimony was objected to, and excluded by the court. Was this ruling correct?

The statute makes it the duty of the respective occupants of lands inclosed with fences to keep up and maintain parti-

tion fences between their own and the next adjoining inclosures in equal shares, so long as both parties continue to improve the same. Sec. 2, ch. 17, R. S. A method is pointed out in the statute by which a division of a partition fence can be made by fence-viewers. Then follows the 7th section, which reads: "All divisions of fences made by fence-viewers, according to the provisions of this chapter, or which shall be made by owners of adjoining lands, in writing, witnessed by two witnesses, signed, sealed and acknowledged by the parties making the same, being recorded in the town clerk's office, shall be good and valid against the parties thereto, their heirs and assigns." The statute, it will be seen, provides only these two ways to make a division which shall be valid and effectual as against the parties thereto, their heirs and assigns; and the implication is very strong, that no other mode of division is of any effect. A parol agreement of the parties, adopted and acted upon, may be good until revoked on notice to the other party by the one dissatisfied with it; though that question does not arise here, and is not decided. Manifestly the agreement contemplated by the statute is one in writing, executed with certain formalities, and recorded in the town clerk's office. Such an agreement, under the statute, is in the nature of a covenant which runs with the land and binds subsequent proprietors. But will a mere parol division bind third persons who may become owners or lessees of the premises, and who have in no way recognized or acted upon the division? It seems to us that it will not. It was not proposed to show that the plaintiff, a tenant of the premises, had agreed to adopt the division made by his landlord with the defendant, or had in any way acted upon it. It is true, the defendant says in his testimony: "I told him to do something about that fence; get some stuff and build that fence, and keep his cows at home; he said he would, and that he could get some rails from Mr. Ulm, when he had time; he always made some excuse." But this fails to show a ratification or

adoption of the parol division by the plaintiff, or any agreement to abide by it. So far as he was concerned, the offer was only to show that he knew of the division — had been informed of it by his landlord and by the defendant prior to the accident; but whether he was so informed when he went into possession of the premises, is a fact not included in the offer. Consequently, assuming that the parol division was obligatory upon the original parties until revoked, upon what principle can it be fairly claimed that the plaintiff was bound by it? The testimony offered was immaterial, and its exclusion was no error.

On this point we were referred to the following authorities to show that the offered testimony was competent and should have been received: *Tupper v. Clark*, 43 Vt., 200; *York v. Davis*, 11 N. H., 241; *Glidden v. Towle*, 31 id., 147; *Guyer v. Stratton*, 29 Conn., 421; 1 Cowen's Treat., 3d ed., pp. 420, 424. In *Tupper v. Clark*, one point decided, as stated in the head note, was this: " When adjoining owners agree upon the portion of division fence each shall build, they are bound each to the other to keep up their respective portions, certainly until one or the other repudiates the agreement." In that case the referee found that the parties to the suit had recognized and adopted the division. In *York v. Davis*, there had been a parol partition of a fence, executed by the parties, which was attempted to be revoked by one of the parties on notice. But the court held that the division remained obligatory upon the parties until it was overruled by the action of the fence-viewers. In *Glidden v. Towle*, the court say, among other things: " A parol agreement is not effectual, and although it may control the parties for the time being, yet it does not prevent the fence-viewers from entertaining jurisdiction. To do that, the agreement must be in writing; and that is the only agreement which the statute recognizes." p. 163. *Guyer v. Stratton* arose under a statute where a division of the fence might be made by the parties in writing, etc., or the agree-

ment might be made to appear by "*other sufficient evidence to show the same.*" That statute would doubtless authorize a parol division. Judge Cowen, in his treatise, thinks that a parol agreement to divide a partition fence, which is carried into effect by an actual division, would not in New York be held invalid under the statute of frauds. p. 424. But it will be observed that none of these authorities goes to the extent of holding that a parol division would be obligatory and binding upon a third party who has come into possession of the premises as tenant or purchaser, and who has never assented to or ratified such division. See the cases of *Rust v. Low,* 6 Mass., 90; *Wright v. Wright,* 21 Conn., 329.

In respect to the division fence in question, each party was under obligation to keep it in repair. The defendant, therefore, cannot say that the plaintiff, upon the facts, was guilty of negligence which contributed proximately to the injury, because he failed to keep up and maintain a sufficient division fence. *Aylesworth v. Herrington,* 17 Mich., 417. The charge of the court upon that point, we think, was substantially correct.

The court likewise seems to have laid down the law properly in regard to contributory negligence. The jury were told that if, from the evidence, they found that the plaintiff's cattle escaped upon the railroad track through an open gate in the railroad fence, which gate was opened and left open by the defendant, and were killed or injured on the railroad as a result of the said gate being so opened and left open, without fault on the part of the plaintiff, then there could be a recovery. But the jury were expressly charged that the plaintiff was held to the exercise of ordinary care and prudence in the manner in which he provided for the cattle being kept in his enclosure, with reference to the surroundings. It seems to us the question of contributory negligence was fairly submitted. 39 Wis., 129.

*By the Court.* — The judgment of the circuit court is affirmed.