## SAYLES vs. BEMIS.

*March 13 — April 4, 1883.*

TRESPASS.  *(1) Pleading.  (2) Verdict for nominal damages.  (3) License.*

FENCES.  *(4) Removal of line fence.  (5) Presumption as to ownership.*

| 57 | 315 |
| 86 | 146 |
| 57 | 315 |
| 101 | 122 |
| 57 | 315 |
| 53 LRA | 629n |

1. A complaint containing apt allegations of an unlawful and forcible breaking and entry upon land and the taking down of a fence inclosing the same, belonging to the plaintiff, and that by reason thereof one of the plaintiff's cows strayed from the land and was killed, states merely a cause of action for a trespass to realty.  The allegations respecting the death of the cow do not constitute a separate cause of action but go only to the question of damages.

2. Where the jury in an action of trespass would have been justified upon the evidence in finding a verdict for the plaintiff which would have entitled him to nominal damages and the costs of the action, it was error to direct a verdict for the defendant.

3. A license to draw wood across land probably includes a license to take down so much of the fences as is necessary to perform such work, and the licensee will not be liable for the escape of cattle through an opening so made by him in the fence, unless he negligently left the same open when not engaged in drawing the wood.

Sayles vs. Bemis.

4. A line fence between adjoining owners or occupants of land cannot lawfully be removed by either party without the consent of the other, except in the cases provided for in sec. 1400, R. S.; and the question of the ownership of the fence is immaterial.

5. In the absence of any proof of the legal division of a line fence it will be presumed to be the common property of the adjoining owners..

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice TAYLOR:

" The plaintiff brought her action to recover damages for unlawfully, wilfully, and with force of arms breaking and entering into and upon her premises, and then and there taking down a fence belonging to her and inclosing her premises; alleging that, by reason of such unlawful entry of the defendant and tearing down the fence of the plaintiff, one of the plaintiff's cows, then upon her premises, got out and strayed from her premises and was drowned, by reason of the acts of said defendant, and claiming damages for $64, with interest and costs. The defendant put in a general denial, and an allegation that the injury to the cow was not the result of the act or acts of the defendant, but was owing to the fault and negligence of the plaintiff herself.

" Upon the trial in the circuit court the plaintiff gave evidence showing that she was in the actual possession of a tract of land inclosed by a fence, and which she had cultivated the season before the accident happened; upon part of it she had raised a crop of corn, and in the winter her cows had been turned into the inclosure among the corn-stalks; that the defendant occupied the land adjoining on the south and west; that during the winter and in the early part of March the defendant had crossed this inclosure of the plaintiff with his team for the purpose of drawing wood from his adjoining land, and in order to get to the wood it was necessary to pass through the fence inclosing the plaintiff's land on the west, and that he took down and removed the

fence for that purpose. The testimony tended to prove that the plaintiff's cows strayed from her inclosure through the opening in the fence made by the defendant, and that one of the cows so straying from her inclosure fell into a ditch upon the defendant's land and was killed. The evidence on the part of the plaintiff tended to show that she had no knowledge that the defendant had made an opening in the fence inclosing her land, or that he was crossing the same for the purpose of hauling wood from the defendant's land to his house, and that the defendant had no license or authority to pass over her land for any purpose, or to take down the fence inclosing her premises. There was no positive evidence as to the ownership of the fence inclosing the plaintiff's premises on the west, where the defendant took the same down, nor was there any definite evidence showing what caused the death of her cow.

"On the part of defendant there was evidence that he had a license from the plaintiff or her husband to cross these premises for the purpose of drawing wood, and that he did cross them for that purpose, and that the plaintiff's cows were in the habit of passing out of the inclosure upon his lands, and that he had no reason to apprehend that there was any danger of accident to them in consequence of their so doing. He also gave evidence tending to show that the fence on the south side of plaintiff's inclosure was out of repair, and that the cows might have escaped from the plaintiff's inclosure through or over such fence. After the evidence on both sides was closed, the learned circuit judge instructed the jury to find a verdict for the defendant, and the jury so found."

From the judgment entered on the verdict, the plaintiff appealed.

For the appellant there was a brief by *Winans & Fethers*, and oral argument by *Mr. Fethers*.

For the respondent there was a brief by *Sale & Pierce*, and oral argument by *Mr. Sale*.

TAYLOR, J.   The counsel for the appellant insist that it was error to direct a verdict for the defendant.   The learned circuit judge evidently treated the action as brought for the sole purpose of recovering the value of the cow, and not as an action for trespass upon real estate; and, treating it as such, he then held that as there was no direct and positive evidence that the plaintiff was the sole owner of the fence which had been taken down by the defendant, there was no evidence in the case tending to show that he was guilty of a trespass or negligence in so doing.   The learned judge held that as the plaintiff had not shown affirmatively that the fence was owned by her, the defendant had, as against her, the right to take the same down and leave it down.

We think the learned judge erred in determining that the action was not an action for trespass upon the plaintiff's real estate, and also in holding that in the absence of affirmative proof showing that the plaintiff was the owner of the fence taken down, the defendant had the right as against her to remove the same.

The complaint contains apt allegations setting up a cause of action for unlawfully and forcibly breaking and entering upon her premises, and is, we think, very clearly an action of trespass to the realty; and the allegations in relation to the death of the cow are inserted for the purpose of recovering the consequential damages resulting from such trespass. It cannot be doubted that if there had been no allegations in the complaint other than those alleging an unlawful, wilful, and forcible entry of the plaintiff's premises, and the tearing down of the plaintiff's fence thereon, and inclosing the same, it would have stated a cause of action; and that upon the proof of the allegations the plaintiff would have been entitled to recover at least nominal damages and costs of the action.   The other allegation in regard to the death of the cow, caused by such unlawful entry and removal of the fence, went only to the question of damages.   These allegations, as stated in the complaint, do not constitute a

separate cause of action. The evidence on the part of the plaintiff was sufficient to have justified the jury in finding a verdict in her favor for the unlawful breaking and entry upon her land, and although she would have been entitled to only nominal damages, such damages would have entitled her to the costs of the action, and it was error, therefore, to take the case from the jury upon that part of the plaintiff's case. *Eaton v. Lyman,* 30 Wis., 41–46.

This action having been brought in justice's court, the plaintiff, upon an appeal to the circuit court from a judgment against her in the justice's court, is entitled to recover costs if she recover any damages in the circuit court. Sec. 2925, R. S. 1878. It was the duty of the circuit judge to have submitted to the jury the question whether the entry of the defendant upon the plaintiff's land with his teams for the purpose of drawing wood was lawful. Upon that question the evidence was conflicting, and it was for the jury to pass upon the question of fact. This question of the lawfulness of the entry of the defendant with his teams to draw wood across the plaintiff's land was of vital importance upon the other question, viz., the right of the defendant to remove the fence inclosing plaintiff's land. If it were true that he had the consent of the plaintiff or her agent to draw wood across her land, it would by implication give the defendant the right to remove her west fence for that purpose. If he had the right to draw his wood across the plaintiff's land under a license given by her or her authorized agent, such license would probably include a license to take down so much of the fence on her west line as was necessary to perform such work. In such case taking down the fence would not be a wrongful act; and in such case, if the defendant could be made liable at all for the escape of the plaintiff's cow through the opening in the fence made by him for the purpose of drawing his wood, he could only be held liable on the ground that he carelessly and negligently left the fence open when not engaged in drawing such wood.

We are of the opinion that the learned circuit judge was mistaken in holding, as a question of law, that, under the evidence, the defendant was guilty of no wrong in taking down the fence in question. We think the evidence tended at least to show, if it did not in fact show, that the fence which was alleged to have been taken down by the defendant was a line fence between the lands in the possession of the plaintiff and those in the possession of the defendant; and, being such line fence, the right to tear it down does not depend upon its ownership. Even though the fence had been divided as a line fence, and that part of it which was torn down by the defendant had been set apart to him as his fence, still he would have no right to remove or open such fence as against the plaintiff. See secs. 1391, 1396, 1400, R. S. Under the law of this state a line fence between adjoining owners or occupants cannot be lawfully removed by either party without the consent of the other, except in the cases provided for in sec. 1400 above cited. In the absence of any proof of a legal division of a line fence, the presumption as to ownership is that it is the common property of the adjoining owners. Tyler on Boundaries, Fences, etc., 352; *Cubitt v. Porter*, 8 Barn. & C., 257; *Pitzner v. Shinnick*, 41 Wis., 676–683; *Aylesworth v. Herrington*, 17 Mich., 417. If it be urged that because the parties are presumed to be tenants in common of the line fence in the absence of any proof in regard to its ownership, no action of trespass can be maintained by the one owner against the other for taking down a part thereof, it can be answered in this case that the plaintiff does not, in her complaint, allege that such act was a trespass, and seek to recover on that ground; but she alleges that because the defendant did remove the fence her cow escaped from her inclosure into the defendant's land, and was there killed. The question is not whether, under the evidence, the removal of the fence was a trespass as against the plaintiff, but whether as to her it was unlawful or wrongful; and if it was, and damage ensued on account

of such wrongful act, then the defendant is liable.    Had the fence been divided, and had the defendant owned the fence at the place where he tore the same down, the fence being a line fence, he would have no right to tear it down or open it without giving notice to the plaintiff, and then only in the cases mentioned in said sec. 1400, R. S. 1878.    The fact that the fence is a line fence makes it unlawful for either of the adjoining owners, as against the other, to remove or tear it down, and the question of ownership is immaterial.

We express no opinion on the question of the sufficiency of the evidence introduced on the part of the plaintiff to justify a verdict in her favor for the value of the cow, had the jury, upon proper instructions, found that the defendant had unlawfully torn down the line fence, and that the cow had in fact strayed through such opening in the fence upon the defendant's land and there died.    That question was not considered by the court below, and we do not feel called upon to pass upon it on this appeal.

*By the Court.*— The judgment of the circuit court is reversed, and the case remanded for a new trial.