## C. A. YOUNGMAN v. ANNA AHRENS.[1]

May 22, 1908.

Nos. 15,664—(102).

Appeal by plaintiff from a judgment of the district court for the county of Benton, entered pursuant to the order of Baxter, J., reversing the judgment of a justice of the peace for six cents and costs taxed at $38.23. Affirmed.

W. F. Ewert, for appellant.

J. D. Sullivan, for respondent.

PER CURIAM.

This case was commenced in justice court, where judgment was entered in favor of the plaintiff. The defendant appealed to the district court on questions of law alone, where the judgment of the justice was reversed and judgment entered for the defendant. From that judgment plaintiff appealed to this court.

Plaintiff and defendant occupied adjoining lands. There being a dispute as to the proper boundary line, the plaintiff constructed the north half of a fence on the line claimed by him, and the defendant's husband constructed the south half of the fence on the line claimed by him. These two fences were joined together by the plaintiff with a small section of fence running east and west. The respective parties have occupied the adjoining lands since the year 1894, during which time the plaintiff has maintained the north end of the fence after a fashion, and the defendant's husband has kept the south end of the fence to suit himself. This arrangement was made between the parties, and the fences have been maintained in pursuance of an oral agreement. The defendant's cattle passed through the north fence onto the plaintiff's land and did some damage.

The question is, whether the appellant, after having constructed the fence and agreed orally to maintain it, can recover damages occasioned by his failure to maintain the fence in proper condition. It is true, as appellant contends, that the statute provides for the construction and maintenance of a partition fence when the parties are unable to agree, and that this fence was not constructed and maintained in the manner provided by statute, but we agree with the learned trial court that the oral agreement between the parties for the construction and maintenance of a fence, after having been observed for about twelve years, cannot be disregarded by one party without notice to the other party, and an action for damages maintained on the theory that no partition fence exists.

Order affirmed.

[1] Reported in 116 N. W. 1135.