# WILLIAM TUEBERT v. THEODORE SONS.[1]

December 8, 1911.

Nos. 17,310—(112).

**Division fence — verbal agreement.**

A parol contract as to a division fence, acted upon by the parties thereto, is binding upon them, but not on grantees or lessees who have not recognized and acted upon it.

Action begun in justice court to recover $50 damages to growing crops caused by defendant's cattle. Judgment was entered in favor of plaintiff for the sum of $40. Defendant appealed to the district court for Carver county. The case was tried before Morrison, J., who directed a verdict in favor of plaintiff, and a jury which returned a verdict in the sum of $40. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*F. C. Irwin,* for appellant.

*John J. Fahey,* for respondent.

START, C. J.

Action by the respondent to recover from the appellant damages, which he alleged in his complaint he had sustained by the appellant's cattle trespassing upon a farm, which he was in possession of as lessee of his father, who owned the farm, and injuring his crops growing thereon. The answer, so far as here material, is to the effect that the appellant owned and operated a farm adjoining the one occupied by the respondent; that the appellant's grantor and the owner and lessor of the farm occupied by the respondent made a division of the line fence between the farms, whereby each agreed to maintain and keep in repair the part thereof assigned to each;

[1] Reported in 133 N. W. 467.

[Note] As to validity of oral agreement as to erection or maintenance of fences, see note in 27 L.R.A.(N.S.) 226.

and that the respondent neglected to keep in repair the part of the fence which his lessor agreed to do, by reason whereof the defendants' cattle entered through such part of the fence and did the injury complained of. The trial court directed a verdict for the plaintiff, and the jury assessed his damages at $40. The appellant appealed from an order denying his motion for a new trial.

The agreement relied upon by the appellant as a defense was a parol one between the appellant's grantor and the owner of the land in possession of respondent, as lessee, at the time the trespass complained of was committed. The pivotal question on this appeal is whether the trial court erred in sustaining the plaintiff's objection to defendant's offer to prove by parol evidence the facts following:

"That, at the time of the erection of the line fence between the lands of the father of this plaintiff, and now occupied by him, and the Colbert farm, which is now owned by the defendant Theodore Sons, [by] an agreement and understanding between the owners of the land, more than fifteen years ago, the line fence was established between those farms, and by that agreement Mr. Tuebert was to maintain and keep in repair a certain part of it, and that the Colberts and their successors were to keep the other part in repair, and that that agreement was carried out after the purchase of the land by Sons, and that the plaintiff had notice of the defect in his fence before this injury occurred."

It may be conceded for the purposes of this appeal that the evidence was sufficient to sustain a finding that the defendant's cattle entered upon the farm occupied by the plaintiff through the part of the fence which the appellant claimed the plaintiff's lessor had agreed to maintain, by reason of defects therein. It is to be noted that the offer was to show an agreement as to the fence between the owners of the land, but not to show any agreement with the plaintiff or one purporting to bind the successors in interest or lessees of the owner of the Tuebert farm. Nor was there any offer to prove that the plaintiff recognized, acquiesced in, or acted upon the alleged parol agreement after he became lessee of his father's farm.

We held in the case of Youngman v. Ahrens, 104 Minn. 531, 116 N. W. 1135, "that the oral agreement between the parties for the

construction and maintenance of a fence, after having been observed for about twelve years, cannot be disregarded by one party without notice to the other party, and an action for damages maintained on the theory that no partition fence exists." The parol agreement in the case cited was between the parties to the action, and acquiesced in by them for twelve years; hence the case is not here in point, for it only goes to the extent of holding that a parol agreement as to a partition fence, if acted upon by the parties thereto, is valid, and that neither party can recover for damage caused by the cattle of the other, if he neglected to keep in repair his part of the fence through which the cattle came.

The statute (R. L. 1905, § 2755) provides when agreements as to partition fences shall bind the heirs and assigns of the parties thereto; that is, run with the land,—namely, by recording the division made by the fence viewers, or the contract of the parties in the office of the register of deeds of the proper county. A parol contract as to a division fence is binding upon the parties thereto who have acted upon it, but it is not binding on grantees or lessees who have not recognized and acted upon it. 19 Cyc. 471; Pitzner v. Shinnick, 41 Wis. 676. It follows that the facts offered to be proven did not constitute a defense to the action; hence the trial court did not err in excluding the defendant's offer.

Counsel for the appellant urges in his reply brief that the objections made to the offer on the trial were not sufficient, and that the claim that the alleged parol agreement, if made by the respective owners of the farms, was not binding on the respondent as lessee, was not made at the trial. It is quite clear from the record that respondent's counsel was of the opinion that a parol agreement as to a division fence was not binding on the parties thereto; but the objections fairly made the point that the facts offered to be proven did not constitute a defense. The trial court understood the matter and ruled correctly.

Order affirmed.