SOPHIE CACKOWSKI *v.* JACK A. HALPRIN, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 6—decided May 3, 1945.

*James W. Carpenter,* for the appellant (defendant).

*Morton E. Cole,* with whom were *Louis W. Webber* and, on the brief, *Cyril Cole,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff was injured when a portion of the ceiling of the tenement occupied by her and her husband fell on her head. She sued the defendant, a contractor who was doing work there, and had a verdict. The defendant appealed, assigning error in the

denial of its motion to set aside the verdict and errors in the charge and finding.

The plaintiff offered evidence to prove and claimed to have proved the following facts: She and her husband, who was the tenant, occupied a six-room apartment on the top floor of a building at the corner of Main and Wells Street in Hartford. It was necessary to pass through the living room to reach the toilet. For four or five weeks before the injury, the defendant, as an independent contractor, had been engaged in removing and replacing the old cornice at the top of the building. A scaffolding was built resting on horizontal wooden supports whch extended outward through the windows of the top-floor tenements. The top of the horizontal planks was about five or six feet below the ceiling. The inner ends of the supports in the plaintiff's living room were nailed to the door jamb within the room, were mounted on a cantilever and were also nailed to the window casings. There was a crack in the plaster when the work was commenced and four new cracks developed soon afterwards. During its progress pieces of cement and particles of plaster kept coming down on the plaintiff's furniture. The defendant inspected the walls, ceilings and window sills in the plaintiff's living room before the work started and its representative came into the room frequently during the course of the work and knew or should have known of the conditions described. At about 7 a.m. on August 16, 1941, the plaintiff was passing through the living room. A piece of plaster about four by five feet fell from the ceiling and injured her. The only testimony bearing on liability produced by the plaintiff was that of herself and her husband.

The claims of proof of the defendant did not materially differ from those of the plaintiff except a claim that the ceiling had no apparent cracks. It also offered

testimony describing the work in detail and expert testimony to the effect that the method followed and the tools used in performing its work conformed to standard practice and were not such as to cause the ceiling to fall.

The complaint was based on negligence. After defining that term and proximate cause, the charge continued as follows: "There appears to be no dispute but that the defendant in doing the repair work on the roof, used the living room of the apartment in which the plaintiff lived and placed timbers therein to support a scaffolding. It was the defendant's duty to use reasonable care in carrying on its repair work, and under such circumstances negligence is not limited to acts of trespass—and I may say no trespass is alleged in this case by the plaintiff—but negligence must be shown by a failure to use reasonable care to find out in advance [or] as the work progresses whether it was likely to cause damage to the occupants of the apartment in which the plaintiff lived, and if so, to seasonably notify the occupants in order that they might take steps or precautions to protect themselves against damages which cannot wholly be averted even by the exercise of reasonable care in the performance of the work."

The last part of the quoted excerpt from the charge would have been appropriate to a cause of action based on injuries resulting from the performance of work so inherently dangerous that it might cause damage even if done with due care. To put it another way, it made possible a finding of liability even in the absence of negligence. As stated above, the complaint was based on negligence and contained no allegation that the work was inherently dangerous. It follows that the charge submitted a possible basis of liability outside of the issues and must be held erroneous. It was taken in substance from *Canfield Rubber Co.* v. *Leary,* 99

Conn. 40, 50, 121 Atl. 283, and, for the reasons there stated, was appropriate to that case but was inapplicable here. In the *Canfield* case the defendant was not doing the work on the plaintiff's property.

The parties are in dispute as to the status of the defendant on the premises: the plaintiff claims that the defendant had control of the apartment, but it contends that it was there as a licensee for the purpose of constructing the staging. If the former was the situation, then the facts afford the basis of no other conclusion than that the relationship of the plaintiff to the defendant was at most that of licensee, and the duty it owed her would be that owed by an occupant of realty to one visiting it under license. See *Deacy* v. *McDonnell,* 131 Conn. 101, 104, 38 Atl. (2d) 181. If the defendant in its use of the premises was itself a licensee, it would be authorized to do all things reasonably involved in or necessary for the performance of the work it was authorized to do. *Katsonas* v. *Sutherland Building & Contracting Co.,* 104 Conn. 54, 63, 132 Atl. 553; *Clark* v. *Vermont & Canada R. Co.,* 28 Vt. 103, 106; *Sterling* v. *Warden,* 51 N. H. 217, 230; *Sayles* v. *Bemis,* 57 Wis. 315, 319, 15 N. W. 432. It would be liable for negligence in performance of the work. *Hayes* v. *New Britain Gas Light Co.,* 121 Conn. 356, 358, 185 Atl. 170. It might also be liable if it failed to warn the occupants of the room of, or protect them from, danger to them in the conduct of the work which it knew or should know but which it could not reasonably assume that they knew or in the exercise of the reasonable use of their faculties would observe. See Restatement, 2 Torts, § 384, comment h; *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 629, 95 Atl. 22; *Johnson* v. *Palomba Co.,* 114 Conn. 108, 110, 157 Atl. 902.

The plaintiff claimed in her complaint that one of

the causes of her injury was the piling of heavy debris and other materials on the roof, weakening the ceiling. The only claim of proof in support of this allegation read: "During the course of the work the defendant placed on the roof immediately above the living room some materials and debris as shown in Exhibit 'L,' which is made a part hereof." Exhibit L was a photograph and did show some debris on the roof. In this connection the court charged: "Now, the plaintiff claims that the piling of heavy debris on the roof above the front room was one of the causes bringing about the collapse or the breaking of the ceiling. There was some evidence concerning material on the roof, as I recall, Exhibit L, the picture, but as to what the weight of that material was I do not recall that there was any evidence presented, but it is for you to say on the evidence; it is for you to find the facts on the evidence offered, and it is for you to find or not to find the facts from the evidence as presented." There was no claim of proof that the presence of the debris on the roof had any part in causing the ceiling to fall, and the court should not have left this issue to the jury.

The defendant further claims that a long paragraph of the charge contained inconsistent statements. It is doubtful whether these inconsistencies were sufficiently serious in themselves to require a reversal. Attention is called to the claim in view of the possibility of a new trial. See *Caschetto* v. *Silliman & Godfrey Co., Inc.,* 126 Conn. 22, 26, 9 Atl. (2d) 286.

It is true that the charge should be read as a whole; *Kerin* v. *Baccei*, 125 Conn. 335, 337, 5 Atl. (2d) 876; and that "An inadvertently inaccurate statement extracted from a charge by a process of critical dissection will not be regarded as reversible error unless it is reasonably probable that the jury would have been misled by it." *McMahon* v. *Bryant Electric Co.,* 121 Conn.

397, 406, 185 Atl. 181. In the case at bar, the importation of a basis of liability unsupported by the complaint or claims of proof and the inclusion of an element of negligence stressed in the complaint but unwarranted by the claims of proof cannot be regarded as harmless error. *Boiselle* v. *Rogoff,* 126 Conn. 635, 640, 13 Atl. (2d) 753; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 Atl. 613.

In view of this conclusion, the ruling on the motion to set aside the verdict is only briefly noticed. The issues of the defendant's negligence and that of proximate cause appear to have been questions of fact under the evidence. *Anderson* v. *C. E. Hall & Sons, Inc.,* 131 Conn. 232, 237, 38 Atl. (2d) 787. The ruling was correct.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.