## VON SCHOENING *a.* BUCHANAN.

*New York Superior Court; General Term, May,* 1862.

ACTION FOR DELIVERY OF PERSONAL PROPERTY. — PLAINTIFF'S
RIGHT TO COSTS.—AMENDMENT OF VERDICT.

In an action to recover possession of personal property, where the jury find a
verdict for the plaintiff, but award no damages for the detention, the court
will supply the omission by inserting nominal damages.

Where a jury has rendered a verdict in favor of the plaintiff for the return of per-
sonal property, and assessed the value of the property at less than $50, but
has awarded no damages for the detention, the defendant cannot enter judg-
ment for costs until the plaintiff has, by laches, lost his right to correct the
judgment.

Appeal from an order setting aside a judgment for irregularity.

This action was brought by Emile Von Schoening against
Andrew Buchanan and Thomas Mitchell, to recover personal
property alleged to be of the value of $60. The property was
returned to the defendant on the usual undertaking. The jury
found a verdict for the plaintiff, and assessed the value of the
property at $40, but failed to find any damages for the deten-
tion of the property by the defendants.

The defendants claimed their costs, and had them adjusted by
the clerk. After a deduction of the $40, the value of the prop-
erty, judgment was entered in defendant's favor for the balance;
plaintiff opposing, and claiming that nominal damages should
be inserted in the verdict. The court at special term set aside
the judgment.

From the order setting aside the judgment the defendants
appealed.

*William R. Stafford,* for the appellants.—I. The defendant,
by section 305 of the Code, is entitled to costs as of course in
all actions, "unless the plaintiff be entitled to costs therein."
The plaintiff in this action cannot recover costs; as the jury
gave him no damages, and the property he recovered was val-

ued by them at $40 only, he came within the restrictions as to costs provided by statute to discourage actions of this trifling nature in courts of record. (*Code*, § 304, subd. 4; Minks *a*. Wolf, 8 *How. Pr.*, 238.)

II. This action is not embraced in those specified in subd. 3 of section 304. 1. This is not one of the actions mentioned in section 54 of the Code. Courts of justices of the peace have jurisdiction of such actions. (*Code*, § 53.) 2. And the district courts of the city of New York have such jurisdiction of actions to recover personal property where the value does not exceed $100. (*Laws of* 1860, ch. 131.)

III. It was not imperative on the jury to allow the plaintiff even nominal damages. No special verdict was ordered. The language of the Code, that the jury "may" assess damages, leaves the matter entirely in their discretion. (*Code*, § 261.)

IV. The verdict of the jury cannot now be amended, or added to, so as to save the plaintiff from the payment of costs. 1. The jury were properly instructed by the court on the question of damages. Such is the presumption of law, and it is not controverted by the plaintiff. 2. No correction or amendment can be made, unless at the time of the rendition of the verdict, and before the jury separates. (7 *Johns.*, 32.) 3. No motion or application to correct or amend was-so made at the time or since, by the plaintiff, and the court has no power of its own motion so to do. 4. Such an application could only be granted on condition of submitting to a new trial, which the plaintiff seems anxious to avoid. (Corning *a*. Corning, 6 *N. Y.*, 97–105; 1 *Code R.*, *N. S.*, 351.)

V. If the verdict did not comprehend the entire issue, then on a proper application the court will not set aside the judgment, but reverse it and order a new trial. (1 *L. Raym.*, 324; 21 *Wend.*, 19, 90; 13 *Ib.*, 425; 6 *Ib.*, 272; 3 *Ib.*, 667.)

*Hamilton Reavey*, for the respondent.—I. The district (or justices') courts of the city of New York, have no jurisdiction in an action to recover the possession of personal property.

II. It is not the policy of the law, nor was it the intention of the Legislature, to mulct a party in costs double the amount of the value of property converted by a wrongdoer.

III. The jury found that defendants wrongfully took and con-

verted the plaintiff's property. He was therefore the prevailing party, and as matter of right he was entitled to nominal damages, and that gives him the right to recover as much costs as damages. (*Code*, §§ 303, 304; *Graham's Pr.*, 278, 282, 580, 581.)

IV. The plaintiff being entitled to costs, the defendant cannot have costs. (*Code*, § 305.)

By the Court.*—Barbour, J.—The verdict of the jury in favor of the plaintiff, and assessing the value of the property, necessarily established the fact that the goods were wrongfully detained by the defendants. The plaintiff therefore was entitled to recover at least nominal damages for such detention, and the verdict was incomplete in form, because it contained no such award in terms. (Bemus *a.* Beekman, 3 *Wend.*, 667.) The omission of the jury in this regard would probably have been supplied by the justice before whom the cause was tried, even without a motion, had the matter been brought to his notice at any time before judgment, under the general power of the court to control and perfect its own record and proceedings. Certainly it was the right of the plaintiff to have the record of the verdict so amended in this particular upon motion before the judgment was entered, for the reason that a nominal verdict for damages in his favor would excuse him from the payment of costs to his adversary. (*Code*, § 304, subd. 4; *Ib.*, § 305.) The sole question remaining for consideration, then, is whether the plaintiff has deprived himself of his right to have the verdict amended so as to conform to the real facts found, by his failure to move before the entry of the judgment by his opponent. In regard to that, we are of opinion that inasmuch as the papers used upon the motion show that the defendants' attorney was fully informed of the plaintiff's claim touching the error in the verdict before the judgment was entered, and as the defendants could not have been deprived of any substantial right to which they were equitably entitled by the omission of the plaintiff to move at an earlier day to correct the verdict, no laches can be imputed to the plaintiff of which the defendants can properly complain.

* Present, Bosworth, Ch. J., Robertson, White, Moncrief, Monell, and Barbour, JJ.

The power conferred upon the court by the 173d section of the Code is broad enough to cover this case, and we think the motion was properly granted,. in furtherance of justice.

The order should therefore be affirmed with costs.