## ENOS vs. COLE.

*October 18 — November 3, 1881.*

BAILMENT. *(1–3) Seizure and sale, by third person, of property in bailee's hands: Purchase at such sale, by bailee: Bailor's action against such third person.*
REVERSAL OF JUDGMENT: *(4) For failure to award nominal damages.*

1. A bailee cannot acquire title to the property adverse to that of his bailor, through a tortious seizure and sale of the property by a third person.
2. Moneys paid by the bailee at such a sale without authority from the bailor cannot be recovered from the latter.
3. Where the property was in the possession of the bailee when seized, and was returned to him upon such tortious sale, while the bailor might perhaps maintain an action of *trespass* against the person who seized and sold it, and recover therein at least nominal damages, he cannot, without proof of actual damage, maintain an action against such third person as for a *conversion*, and recover even nominal damages therein.
4. *It seems* that, while in general a refusal to award nominal damages to a party entitled thereto is no ground for a reversal of the judgment *(Hibbard v. W. U. Telegraph Co.,* 33 Wis., 558, and other cases in this court there cited), this rule would not obtain where such judgment would carry costs.

APPEAL from the County Court of *Winnebago* County.

Action, by *Truman Enos,* for an unlawful conversion of a spring wagon or buggy belonging to him. The answer was, in substance, that defendant as constable levied upon and sold the property to collect a delinquent highway tax, assessed against E. W. Enos, under a warrant for that purpose, and that the property in fact belonged to said E. W. Enos. The facts shown by the evidence as understood by this court, and the findings of fact by the circuit judge, will sufficiently appear from the opinion. The circuit court held as conclusions of law, 1. That the purchase of the property by E. W. Enos, at the constable's sale, was in law a purchase by the plaintiff. 2. That the contract between the plaintiff and E. W. Enos, under which the latter was in possession of the property at the time of its seizure by the defendant, was a gratuitous bail-

ment.   3. That defendant was entitled to a judgment dismissing the complaint, with costs.   Judgment was entered accordingly, from which the plaintiff appealed.

The cause was submitted for the appellant on the brief of *James H. Merrill.*

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber.*

Cole, C. J.   There is no serious attempt made on the part of the defendant to justify the sale of the buggy under the tax warrant.   It is not pretended that there was any personal demand for the payment of the highway tax by the overseer, as required by section 1252, R. S.; besides, the tax was assessed against E. W. Enos, and not against the plaintiff.   But it appears that E. W. Enos was in possession of the buggy as a bailee; that he attended the sale, and bid in the property on the sale; and that he had the buggy in his possession when this action was commenced.   The buggy, therefore, having come back to the possession of the bailee before this suit was commenced,— the bailee then holding it for the plaintiff,— wherein was the latter injured by the tortious sale under the tax warrant? In what way or to what extent has he been damnified by the wrongful act of the defendant?   He has not sustained any actual damages in consequence of that act, or at least he proved none.   He has but to demand his property of his bailee, who presumably stands ready to deliver it to him.   The bailee could not acquire a title to the buggy adverse to that of his bailor (*Nudd v. Montanye*, 38 Wis., 511), even if he attempted to do so; for the rule of law is, that one who has received property from another as his bailee or agent must restore or account for that property to him from whom he has received it.   See authorities cited in *Nudd v. Montanye, supra.*

But it is insisted by the ingenious counsel for the plaintiff, that the conversion was complete; that the plaintiff was di-

vested of his property by the wrongful act of the defendant; and that consequently he was entitled to recover some damages. But no actual damages were proven, and it is difficult for us to see how, on the undisputed facts, the plaintiff could have been injured by the wrongful seizure and sale of the buggy. He certainly did not lose his property in consequence of such sale. Nor can it with propriety be said that he was even dispossessed of it, as he had delivered the possession thereof, for the time being, to his brother, as bailee. It is very true there might have been, and doubtless was, an unlawful interference with the property by the defendant under the tax warrant, for which an action of trespass would lie. Possibly, under the contract of bailment, the plaintiff himself, as owner, could maintain such a suit and recover nominal damages. We certainly see no reason for holding, on the undisputed facts, that the plaintiff was entitled to recover even nominal damages; therefore we cannot reverse the judgment because the county court refused to render judgment for six cents. For, while it is well settled in this court that a refusal to give nominal damages, in a case where a party is entitled to them, constitutes no good ground for a reversal of the judgment (*Hibbard v. Western Union Tel. Co.*, 33 Wis., 558, and cases cited in the opinion), that rule would not obtain where such judgment would carry costs, as it would in this case. Section 2925, R. S.

But it was also claimed that the plaintiff should have recovered $10.25, the amount for which the property was bid in at the sale, by E. W. Enos. But it does not appear that the plaintiff authorized that bid to be made for him, or that he was in any way responsible to his brother for its repayment. Certain it is that the learned county court found that E. W. Enos attended the sale as agent of the plaintiff at plaintiff's request; that he forbade the sale and demanded the property; and that finally, on behalf of the plaintiff, he bid it in. But this finding is contrary to the positive testimony of both the

plaintiff and E. W. Enos. The plaintiff says, in substance, that he knew nothing about the levying upon the wagon by the constable, and did not authorize his brother to act for him in the matter. Had he been compelled to pay $10.25 to obtain his property, he would have been entitled to recover that amount, under the doctrine of *Sprague v. Brown*, 40 Wis., 612. But no such fact is established by the testimony. On the contrary, E. W. Enos says that he was acting for himself at the sale, and, as we understand his testimony, he paid the $10.25 out of his own pocket. So that, in any view we have been able to take of the case, we cannot see that the plaintiff showed that he was injured by the tortious act of the defendant in interfering with the property under the tax warrant.

The judgment of the county court must therefore be affirmed.

*By the Court.*— Judgment affirmed.