### FISCHER et al. v. REILLY et al.

*(Common Pleas of New York City and County, General Term.* February 4, 1889.)

TRIAL—VERDICT—AMENDMENT—STIPULATION.

An undisputed item of plaintiff's case having been overlooked by both parties,
and a general verdict for defendant having been returned, plaintiff cannot complain
of the amendment of the verdict, and the rendition of judgment for him for such
item, under defendant's stipulation and an order of the court.

Appeal from city court, general term.

Action by John Fischer and another against John J Reilly and another.
A general verdict was returned for defendants. Plaintiffs' motion for new
trial was "granted, unless the defendants stipulate to change and amend the
verdict * * * so that it would appear to have been rendered in favor of
plaintiffs for $20 and interest," and was denied in the event that such stipu-
lation should be made. Defendants stipulated accordingly, and judgment
was entered for plaintiffs for $21.35. The judgment and order were affirmed
at the general term of the city court, and plaintiffs appeal.

Argued before McADAM, C. J., and EHRLICH and NEHRBAS, JJ.

*Abram Kling*, for appellants. *John Whalen*, for respondents.

PER CURIAM. It is manifest from the case that the undisputed item of
$20 was overlooked on the trial by both parties, and for this the plaintiffs
were as much in fault as the court or the defendants. After the verdict had
been rendered, and the oversight was called to the attention of the court, it
promptly corrected the error, as it had the power to do. *Burhans* v. *Tibbits*,
7 How. Pr. 21; *Van Schoening* v. *Buchanan*, 14 Abb. Pr. 185; *Clark* v. *Rich-
ards*, 3 E. D. Smith, 89. The fact that this changed the general verdict for
the defendants into a specific judgment in plaintiffs' favor is to the advantage
of the latter, and they cannot complain of it; especially as we cannot see how
the oversight of the court in respect to this item in any way influenced the
jury on the other questions involved in the case, or that any error was com-
mitted by the court in its charge as to the other property in controversy. The
judgment and order must therefore be affirmed, with costs.