### BRUEN *v.* MANHATTAN RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* June 1, 1891.)

COSTS—ALLOWANCE OF COURSE—ACTIONS CONCERNING LAND.
 In an action for damages to real estate by the construction and operation of an elevated railroad in the street on which such property abutted, the complaint alleged that plaintiff was the owner in fee of the property, and entitled to an easement in the street, which the operation of defendant's road interfered with. The answer denied any knowledge or information sufficient to form a belief as to the allegations of ownership. *Held*, that a claim of title arose on the pleadings, and came in question on the trial, within Code Civil Proc. N. Y. § 3228, providing that plaintiff is entitled to costs, of course, on the rendering of a final judgment in his favor, "where a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial."

Appeal from special term.

Action by Louisa J. Bruen against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to recover damages alleged to have been inflicted on plaintiff's property, No. 118 West Third street, by reason of the construction, maintenance, and operation of defendants' elevated railway in the street in front thereof. The complaint alleged that "the plaintiff is and was the owner in fee of certain premises in the city of New York, and described as follows;" and also that "the plaintiff, as owner of said described premises, owns and holds, and did own and hold, an easement in the land upon which West Third street is and was laid out;" and also that "this plaintiff owns and is seised in fee, and did own and was seised, of one-half of that part of West Third street immediately in front of and abutting upon her land." The answer denied any knowledge or information sufficient to form a belief as to the first allegation, and denied the others. On the trial no attempt was made to show that the plaintiff owned any part of the bed of the street, which was opened under the law of 1813, and there was no question as to the plaintiff's title to the property in suit. The title-deeds to the property were received in evidence, but the defendants offered no testimony designed to rebut the evidence of the plaintiff on that point, and did not set up any claim to the ownership of any part of the property. The jury returned a verdict of six cents in favor of the plaintiff. Defendants thereupon presented their bill of costs to the clerk, and it was duly taxed. Thereafter the plaintiff moved that defendants' bill of costs be set aside, and plaintiff's bill taxed, on the ground that a claim of title to real property came in question upon the trial or arose in the pleadings, bringing the case within Code Civil Proc. N. Y. § 3228, which provides that "the plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in either of the following actions: (1) An action triable by a jury, to recover real property, or an interest in real property; or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial." The motion was granted, and an order entered, from which defendants now appeal. The trial judge also granted a certificate that a claim of title to real property came in question upon the trial. The defendants then moved to set aside the certificate, and from the order entered upon the denial of their motion they also appeal. The opinion of DALY, C. J., is reported in 14 N. Y. Supp. 285.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Julien T. Davies* and *William R. Page,* for appellants.     *Stanley W. Dexter,* for respondent.

PER CURIAM. We do not consider it necessary to add anything to the opinion of Chief Judge DALY at the special term. We regard the decision rendered by that court as correct, and affirm the orders appealed from, with costs.