STERNBERGER *et al. v.* METROPOLITAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

**1. APPEAL—WEIGHT OF EVIDENCE—EXCESSIVE DAMAGES.**
Where the record shows a conflict of evidence, the general term will not set aside a verdict on the ground of excessive damages.

**2. EVIDENCE—OPINION OF WITNESS.**
In an action against an elevated railway company for rental losses occasioned by operating defendant's road in front of plaintiff's property, plaintiff cannot testify that he used his "best endeavors to get the best rents possible," as that would be matter of opinion.

Appeal from trial term.

Action for damages by Maurice M. Sternberger and Simon Sternberger, individually, and as executors of and trustees under the will of Mayer Sternberger, deceased, and others, against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. Judgment for plaintiffs. Defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellants. *E. W. Tyler* and *Henry Schmidt,* for respondents.

PRYOR, J. The appellants concede that "the record presents a sharp conflict of evidence on the question of the amount of damages;" and this being so, we are not authorized to set aside the verdict on the ground that it is excessive. *Betjeman* v. *Railroad Co.,* 20 N. Y. Supp. 628, (decision of this court at the November term ) Still the appellants contend that the judgment is avoided by error in the exclusion of evidence.

1. This question was propounded to a witness by the defendants: "From 1878 to the present time, how many new buildings were erected in South Fifth street?" the locality of plaintiff's premises. On objection that the proposed evidence was immaterial, irrelevant, and incompetent, it was excluded, and defendants excepted. The action was for the recovery of rental

loss between 1885 and 1888. Proof of rental loss between 1888 and the time
of the trial—1892—would have been proof of fact not in issue, and hence in-
admissible. The argument of appellants is, however, that the evidence was
relevant, and competent to show the effect of the railroad on the prosperity of
the street. But the prosperity of the street between 1888 and 1892 was not
in controversy, and still the evidence was irrelevant. Appellants assert
again, that since, between 1888 and 1892, the railroad was operating under
the same conditions as between 1885 and 1888, proof of its effect on the pros-
perity of the street during the former period was evidence of its effect on the
prosperity of the street during the latter period. The effect of the railroad
between 1885 and 1888 was as capable of direct proof as between 1888 and
1892; and to allow evidence as to the latter period was to rely upon a pre-
sumption too far-fetched and feeble for the purposes of forensic demonstration.
Besides, direct evidence was in fact given by the defendants as to the ef-
fect of the railroad on the prosperity of the street during the period in lit-
igation. It is the primary and most prevalent law of evidence that it be the
best of which the case in its nature is susceptible. 1 Greenl. Ev. § 82. Re-
verse the contention of the parties; would the defendants have allowed proof
of the decadence of the street since the commencement of the action, as evi-
dence of plaintiffs' damages at an anterior period? The evidence tendered
was not only too weak to support a rational inference as to the fact in
dispute, but was fraught with mischievous consequences to the cause on
trial. The enhanced value of plaintiffs' property after the action might
have been credited by the jury in reduction of the damages they sustained be-
fore, and for which they sue. Defendants insist that the plaintiffs had been
permitted to give evidence of improvements in Greene street since the period
in controversy; and that so the court denied them the benefit of the rule ac-
corded to the plaintiffs. The record does not support the contention. On
the contrary, it is quite obvious that the evidence of improvements in Greene
street was restricted to the period in litigation, and disclosed no fact since
1888,—the time of the sale of the property by plaintiffs.

2. The defendants proved the course of rents of Nos. 520 and 522 Broad-
way. On cross-examination the plaintiffs showed that a portion of those
premises had been vacant; that the rents varied, and many changes of ten-
ants occurred from year to year. Whereupon, on redirect, defendants in-
quired of the witness: "Have you not, during all this time, used your best
endeavors to get the best rent possible?" On objection to the question as
irrelevant, immaterial, and incompetent, it was disallowed; to which defend-
ants excepted. If admissible to show that the rents realized were the best
possible, the legitimate method of proving the fact was by exhibiting what
the witness did to secure the best rents, and not by an opinion or conclusion
as to the character of his efforts to that end. In any event, the question
was flagrantly leading, and so inadmissible. Defendants argue, however, on
the authority of *Tooley* v. *Bacon*, 70 N. Y. 37, that the irregularity is not
available on this appeal. But here the alleged ground of objection was the
incompetency of the question; critically, the appropriate objection to a lead-
ing interrogatory. Detecting no error in the record, we must affirm the
judgment.

Judgment affirmed, with costs. All concur.