(4 Misc. Rep. 132.)

## MOORE v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. DAMAGES—NOMINAL—ELEVATED RAILROAD.

A landowner is entitled to at least nominal damages for the construction and maintenance of an elevated railway in front of his property, though no excess of injuries can be shown over benefits.

2. SAME—REVERSAL FOR FAILURE TO ASSESS.

Where nominal damages will entitle a party to whom they should have been awarded to costs, a judgment for the other party must be reversed.

Appeal from trial term.

Action by Eliza Jane Moore against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages for alleged injury to the rental value of plaintiff's premises, known as "371 Greenwich Street," caused by the maintenance and operation of defendants' elevated railroad. Judgment for defendants, entered on a verdict in their favor. Plaintiff appeals. Reversed.

For former reports, see 8 N. Y. Supp. 329, 769.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Whitehead, Dexter & Osborn, (Stanley W. Dexter, of counsel,) for appellant.

Davies & Rapallo, (Brainard Tolles and Julien T. Davies, of counsel,) for respondents.

BISCHOFF, J. The action was by an abutting owner to recover damages for injury to the value of her premises, caused by the maintenance and operation of defendants' elevated railway. The complaint alleged ownership of the premises and easements in the street, and the answer denied it. On the trial plaintiff indisputably established title to and possession of the premises by evidence which remained unchallenged. The maintenance and operation of defendants' elevated railway in front of the premises were conceded, and the case is destitute of all evidence from which defendants' acquirement of the easements taken for the purposes of their elevated railway may be even remotely inferred. Thus it remained for plaintiff only to show the excess of injury to the rental value of her premises caused by defendants' elevated railway in depriving them of their appurtenant easements of light, air, and means of access over and above the benefits which were derived from the presence of the railway. If the evidence failed to show any excess of injury, she was notwithstanding entitled to nominal damages. "For any invasion of property itself, or of a substantial right of property, nominal damages or recoverable, whether any actual damage results therefrom or not." Wood's Mayne, Dam. (Amer. Ed.) 7, note. "Every injury imports a damage, though it does not cost the party one farthing." Lord Holt, in Ashby v. White, 2 Ld. Raym. 938. "When one encroaches on the inheritance of another, the law gives a right of action; and, even if no damages

are found, the action will be sustained, and nominal damages recov-
ered, because, unless that be done, the encroachment acquiesced
in might ripen into a legal right, and the trespasser, by a contin-
uance of his encroachment, acquire a legal title." Hathrone v.
Stinson, 12 Me. 183. The title to real property may be tried in an
action for trespass, such as this was; and, though the recovery be
for nominal damages only, plaintiff's claim of title is thereby sus-
tained. Hence the rule that nominal damages must be awarded in
such an action if the plaintiff's title is established through the act
of trespass complained of "occasions no other damage than putting
at hazard rights which, if their encroachment were acquiesced in,
would be lost by the lapse of time." Bassett v. Manufacturing Co.,
28 N. H. 438; Devendorf v. Wert; 42 Barb. 227; Thomas v. Brack-
ney, 17 Barb. 654; Carhart v. Gaslight Co., 22 Barb. 297; Honsee
v. Hammond, 39 Barb. 89; O'Riley v. McChesney, 3 Lans. 278. "For
every actionable injury there is an absolute right to damages. The
law recognizes such an injury whenever a legal right is violated."
"Every invasion of such a right threatens the right itself, and to
some extent impairs the possessor's enjoyment of it. The logical
sequence of finding an invasion is the legal sequence,—a legal injury.
This entitles the injured party to compensation." "If there is no
inquiry as to actual damages, or none appear on inquiry, the legal
implication of damage remains." "The damages which the law
thus infers from the infraction of a legal right are absolute; they
cannot be controverted; they are the necessary consequent. The
act complained of may produce no actual injury. It may be, in
fact, beneficial, by adding to the value of the property, or by avert-
ing a loss, which would otherwise have happened, yet it will be
equally true, in law and in fact, that it was in itself injurious, if
violative of a legal right. The implied injury is from that circum-
stance. The fact that beyond violating a right it was not detri-
mental, or was even advantageous, is immaterial to the legal qual-
ity of the act itself;" and the right to recover at least nominal dam-
ages "applies to all actions, whether for tort or breach of contract,
and whether the right is personal or relates to property." 1 Suth.
Dam. (2d Ed.) §§ 9, 10. It is a substantial right, and the maxim
"de minimis non curat lex" does not apply thereto. Id. § 11. Where
a principle, or a right, or its extent is involved, an erroneous judg-
ment for defendant should be reversed, although plaintiff may be
entitled to nominal damages only, and the action is vexatious. Her-
rick v. Stover, 5 Wend. 580, 586; Hyatt v. Wood, 3 Johns. 239; Dix-
on v. Clow, 24 Wend. 188; Searles v. Cronk, 38 How. Pr. 320.

Defendants' denial of all knowledge or information sufficient to
form a belief as to plaintiff's allegations of ownership of the ease-
ments interfered with by defendants' elevated railway caused "a
claim of title to real property" to arise upon the pleadings, with-
in the meaning of subdivision 1, § 3228, Code Civil Proc., (Bruen v.
Railway Co., [Com. Pl. N. Y., June, 1891,] 14 N. Y. Supp. 788; Lynk
v. Weaver, 128 N. Y. 171, 28 N. E. Rep. 508;) and, having sustained
her claim of ownership on the trial, plaintiff was entitled to the

recovery of costs. If nominal damages will entitle the party to whom they should have been awarded to costs, a judgment for the adverse party must be reversed. Eaton v. Lyman, 30 Wis. 41; Enos v. Cole, 53 Wis. 235, 10 N. W. Rep. 377; Sayles v. Bemis, 57 Wis. 315, 15 N. W. Rep. 432; Watson v. Hamilton, 6 Rich. Law, 75; Potter v. Mellen, 36 Minn. 122, 30 N. W. Rep. 438; Von Schoenig v. Buchanan, 14 Abb. Pr. 185. In Cady v. Fairchild, 18 Johns. 129, which was an action for trespass, the county court, on appeal from a justice's court, refused to grant a new trial, though it was conceded that the plaintiff in error was entitled to recover nominal damages; and this ruling was sustained, it appearing that "the object of the plaintiff in error is merely costs, and to vex the defendant." The case was criticised, and declared to be opposed to principle, in Stephens v. Wider, 32 N. Y. 351, in which the circumstances were the same, though followed as stare decisis. Its application should not, therefore, be extended. It follows that the learned trial judge erred in refusing to charge, as requested by plaintiff's counsel, that the verdict must, in any event, be in favor of the plaintiff for nominal damages, and that the verdict for defendants is contrary to law and the evidence. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

PRYOR, J., (concurring.) In Sternberger v. Railroad Co., (Com. Pl. N. Y.) 20 N. Y. Supp. 857, a case similar to the present, I directed the jury that, in any event, the plaintiffs were entitled to a verdict for nominal damages; and in Hoffman v. Railroad Co., (Com. Pl. N. Y.) 20 N. Y. Supp. 625, I stated obiter the same doctrine, citing Newman v. Railway Co., 118 N. Y. 618, 23 N. E. Rep. 901, and Bohm v. Railway Co., 129 N. Y. 576, 29 N. E. Rep. 802. Such was was my conception of the law, and that I was in the right is shown by the above very satisfactory argument of Judge BISCHOFF.

GIEGERICH, J., concurs.