(9 Misc. Rep. 616.)

### MAITLAND v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, Special Term. July, 1894.)

ELEVATED RAILROADS—INJUNCTION—CONSTRUCTION OF ADDITIONAL TRACK.
 An elevated railroad, which is operating two tracks in a street, having acquired the necessary easements from the abutting owners, will be enjoined from constructing an additional track, where it has not acquired the additional easements, though no evidence has been given that no more than nominal damages will result to the abutting owners.

At chambers. Action by Thomas A. Maitland against the Manhattan Railway Company. Plaintiff moved to restrain defendant from constructing and operating additional track for the purposes of its elevated railway in Ninth avenue. Granted.

Chas. Gibson Bennett, for plaintiff.
Julien T. Davies and Alex. A. Lyman, for defendant.

BISCHOFF, J. Upon the argument of this motion it appeared without contradiction that the plaintiff is the owner in fee of the premises known as "Nos. 242, 244, 258, 284, 286, 288, 353, 355, and 357," and for a leasehold estate in Nos. 343, 345, 347, 349, and 351, Ninth avenue, in the city of New York, along which avenue the defendant now maintains and operates an elevated railway, consisting in part of a double track, located in the center of the roadway, and between which tracks there is an open space 18 feet wide, and extending in a line along and parallel with the avenue. Through this open space light and air pass to the surface of the avenue under the structure. It also appeared unchallenged that the defendant has acquired the necessary public authority to maintain and operate this double track for the purposes of its railway, and that to the

same extent also it has acquired the easements in the street which are appurtenant to the plaintiff's abutting premises. Further, it appeared that the defendant is engaged in the construction of a third track, which is intended to be located in the open space between the existing tracks, for permanent use, and to be of so substantial a character as to completely close the space, so that by its maintenance and operation the physical effects of the railway upon the abutting premises will be correspondingly increased. It was conceded that this proposed third track had already been extended in front of the premises Nos. 242, 244, and 258 Ninth avenue, when its further progress was checked by the preliminary injunction which was granted herein, to endure, pending the decision of this motion to continue it, until the determination of this action for injunctive relief. It was likewise conceded by the defendant that, in so far as the construction and operation of the additional track would increase the physical effects of the railway upon the plaintiff's abutting premises, they involved a further taking of the plaintiff's easements, for which no compensation had been made. The defendant did not in any manner suggest its readiness to institute proceedings with a view of acquiring the rights to the extent of its further interference therewith upon payment by it of the compensation to be determined in such proceedings; but was content to rest its opposition to the motion for continuance of the injunction upon the ground that a proper exercise of judicial discretion made a denial of the motion imperative, because—Firstly, the defendant was vested with public authority to construct, maintain, and operate the third track; secondly, because the construction and operation of the track would afford great public comfort and convenience, and was undertaken to promote a popular desire for increased transit facilities; and, thirdly, because the maintenance and operation of the proposed third track would not materially increase the physical effects of the railway upon the plaintiff's abutting premises, nor substantially lessen their fee or rental values, and so that the invasion of the plaintiff's property rights would at most be a technical one. To substantiate its contention that the physical effects of the railway upon plaintiff's premises would not be materially increased by the proposed addition to the railway, nor the fee and rental values of the premises be thereby materially impaired, defendant submitted the affidavits of a number of persons, which, however, in this regard, conflict with the affidavits read by the plaintiff.

I assume, without so deciding, that the defendant has, as it contends, ample legislative and municipal authority for the construction and operation of the projected third track, and yet conclude that a proper exercise of judicial discretion requires that the defendant be enjoined until it has acquired the rights of abutting owners by the forms of law. That an abutting owner is entitled to easements of light, air, and access in the street or avenue immediately in front of his premises, and that these easements are property, and entitled to the protection of the constitutional interdiction of the

confiscation of private property for public uses, was ruled in the cases of Story v. Railroad Co., 90 N. Y. 122; Lahr v. Railway Co., 104 N. Y. 268, 10 N. E. 528; Abendroth v. Railway Co., 122 N. Y. 1, 25 N. E. 496; and Kane v. Railway Co., 125 N. Y. 164, 26 N. E. 278. The taking of these easements by the defendant, except in the proper exercise of its power of eminent domain, constitutes a continuing trespass, to redress which the interposition of a court of equity by injunction affords an appropriate remedy, since the owner cannot maintain ejectment, nor in trespass recover damages for the permanent depreciation of his property. Knox v. Railway Co., 58 Hun, 517, 12 N. Y. Supp. 848. That the damage to the plaintiff's premises, as a result of the additional appropriation of his easements for the uses of the third track, will be more than nominal, is apparent from the facts that the projected structure is to be a substantial addition to that now existing, and so, considering the uses for which it is designed, will impede the passage of light and air over the avenue to the plaintiff's premises, beyond the extent of the obstruction wrought by the existing structure and its uses, and to an increased degree will vitiate the air by smoke, steam, cinders, and noxious odors. How far the plaintiff's premises may suffer in their rental and fee values from the further interference with the easements appurtenant thereto is a mere matter of speculation, in which it is idle to indulge for the purposes of this motion. The fact remains that the threatened mischief materially deprives the plaintiff of the beneficial occupation and enjoyment of his premises. To say that for each proposed substantial addition to the railway the abutting owner must, as a condition of injunctive relief, demonstrate a distinct prospective pecuniary loss, is to imply that the defendant may proceed to take piecemeal, without compensation, property which it could not otherwise lawfully appropriate, except upon payment of just compensation. To require proof of pecuniary damage, as a condition of enjoining defendant's proposed unlawful acts, means to encourage a contempt of law and of the form of law. In view of its privilege to acquire the right of abutting owners upon payment of just compensation it was deemed equitable, where the railway was completed without objection, to inquire into the extent of the plaintiff's pecuniary loss, and to deny the claim to injunctive relief where the loss proved to be merely nominal. This was so, however, not because of regard for the defendant, but because of the public mischief which would follow the interruption of accustomed means of travel. Aside from these considerations of public convenience, the plaintiff was entitled, as against the defendant trespasser, to restrain the continued invasion of his property rights without proof of more than nominal pecuniary damage, unless, by acquiescence of the plaintiff, the invasion would ripen into a right. Moore v. Railroad Co. (Com. Pl. N. Y.) 23 N. Y. Supp. 863.

For the reasons stated, I am of the opinion that this motion should be granted. The present case is clearly distinguishable from the cases cited by the learned counsel for the defendant, in

which it is held that an interlocutory injunction should not be granted when the facts to support it are disputed, and may only be definitely ascertained upon the trial.    Here, however, the defendant concedes its unlawful invasion of the plaintiff's property in part, and boldly asserts that, unless restrained, it will proceed with the further accomplishment of the threatened wrong.    To countenance this attitude by a denial of the motion is to render the plaintiff remediless if hereafter the defendant's tresspass shall result in substantial pecuniary loss to the plaintiff.    Unquestionably, a popular desire for increased transit facilities affords the defendant a strong inducement to undertake the construction and operation of the addition, but does not justify the seizure of private property for such uses without adequate compensation, unless every efficacy of the constitutional interdiction in that respect is to be disregarded.    The resultant public inconvenience of the sudden interruption of travel on a railway in actual operation has been held to require a denial of injunctive relief, but the same consideration cannot apply where the railway, or an addition to it, remains a mere matter of projection.    As well might the defendant, after acquiring legislative and municipal consents to the construction and operation of an elevated railway upon a particular street, seize that street in defiance of the rights of the abutting owners, and then, with equal vigor, urge against every attempted redress that its contemplated unlawful conduct will result in a public benefit.    A further ground for equitable interference by injunction, upon the complaint of a person specially aggrieved in a case like the present, and aside from any consideration that the threatened wrong is without adequate legal redress, is stated to be that the defendant is proceeding to exercise its power of eminent domain without compliance with the conditions upon which the proper exercise of the power was delegated to it.    Lewis, Em. Dom. 632, and cases there cited.    Motion granted, with $10 costs, and injunction continued pending the determination of this action.    Order to be settled on notice.