UMENTUM, Appellant, vs. ARENDT and wife, Respondents.

*September 7—October 5, 1954.*

374

**376**

For the appellant there was a brief by *Warne, Duffy & Dewane* of Green Bay, and oral argument by *Lloyd O. Warne*.

For the respondents there was a brief by *Neumann & Slatky,* and oral argument by *Albert F. Neumann,* all of Kewaunee.

MARTIN, J.   Plaintiff does not take the position that the findings of the jury are not supported by the evidence nor does he ask for a new trial.  He bases his case upon the theory that the law of bailment operates to require a bailee to redeliver the property at the end of the term and if he does not do so, the bailor has the right to consider the bailment as continued or renewed, citing *Nudd v. Montanye* (1875), 38 Wis. 511; *Enos v. Cole* (1881), 53 Wis. 235, 10 N. W. 377; *Bradley v. Harper* (1920), 173 Wis. 103, 180 N. W. 130; Anno. 144 A. L. R. 1024 *et seq.*

The general rule of bailment as expressed in those authorities, however, does not preclude the making of a contract under which the bailor agrees to call for the property when the term of bailment ends.  Plaintiff cites no authority holding that such a contract is not valid, and we are unable to find any.  In our opinion the express provisions of the contract between the parties are controlling; and it was for the jury to decide whether, on the evidence presented, the agreement here did provide that plaintiff would remove the cattle from defendants' farm on receiving notice at the end of the term that they no longer wished to rent them.  Testimony as to the conduct of the parties and the circumstances here involved amply supports the jury's finding that such was in fact the understanding between the parties.

Plaintiff complains that the court denied his motion made at the. end'of the testimony for amendment of the pleadings to the effect that if no agreement was found to have existed between the parties from 1949 to 1950, the defendants' possession and use of the cattle during that time constituted a holdover under the bailment law, and that the court should answer the first question of the special verdict "No" as a matter of law. In our view, the question presented was one of fact, not of law, and the court's denial of the motion was proper.

Finally, plaintiff contends that defendants failed to prove that they proceeded legally in the foreclosure of their lien. It was not incumbent upon defendants to do so. It was plaintiff's burden to prove that the sale was invalid. But nowhere does the record indicate, nor is it pointed out either in plaintiff's brief or oral argument, that defendants failed in any respect to comply with the statutes governing the foreclosure of a lien acquired under sec. 289.43 (3), Stats. The record does show that in April, 1949, defendants made demand upon plaintiff for payment of the expenses incurred in feeding and caring for the cattle; that. plaintiff was duly served with a notice of sheriff's sale; and that following such sale defendants offered to account to plaintiff for the balance of the proceeds of the sale.

*By the Court.*—Judgment affirmed.