BERT LEBAS *vs.* THE PATRIOTIC ASSURANCE COMPANY.

Third Judicial District, New Haven, January Term, 1927.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An assignment of error that the charge as a whole was defective, is improper and will not be considered by this court upon appeal.

Although it is highly reprehensible for counsel to go outside the record in addressing the jury or to make remarks of a nature designed to arouse passion, prejudice or bias, the trial judge is in a peculiarly advantageous position to determine whether such conduct was really harmful and, therefore, a new trial will seldom be granted for that reason upon appeal, especially if no objection was made to the alleged impropriety during the trial.

In an action upon a policy of insurance issued by the defendant against theft of the plaintiff's automobile, the plaintiff testified that he executed a paper prepared and put before him by the defendant's agent and described by the latter as the "proof of loss" required by the terms of the policy. The trial court in-

structed the jury that if the plaintiff's testimony was true, "it would warrant the jury, probably, in finding that the proof of claim was duly filed," and made no other reference to the proof of loss or to the provision of the policy that it be made under oath. *Held* that the trial court's use of the word "probably" was not open to criticism, for the jury were, in effect, merely told that they *might* find the fact in question, nor was the charge objectionable in substance since if the jury believed plaintiff's statement of the circumstances under which the proof of loss was signed, they were justified in finding that it was executed in all respects as required by the policy, or, in any event, that the defendant was estopped to claim any defect in its execution; and that the trial court's omission to instruct the jury that the paper must be sworn to was not error, in view of the defendant's failure to offer evidence, or request a charge, upon the point, and of the fact that the jury had the policy before them with the requirement of the oath plainly stated therein.

An estoppel in pais may be proved though it is not pleaded.

Evidence which goes before the jury without objection, limitation or criticism is available for any and all purposes and for whatever it is worth upon its face. Therefore the trial court did not err in charging the jury that evidence of the criminal record of one of the plaintiff's witnesses, though technically incompetent, could be considered in connection with his credibility, where the defendant neither objected to its admission, nor moved to strike it out, nor requested an instruction limiting its effect.

Claims not put in issue by the pleadings, nor made in the trial court, cannot be raised in this court upon appeal.

Argued January 18th—decided May 7th, 1927.

ACTION upon a policy of insurance against the theft of the plaintiff's automobile, brought to the Superior Court in Fairfield County and tried to the jury before *Marvin, J.*; verdict and judgment for the plaintiff for $1,628, and appeal by the defendant. *No error.*

*Philo C. Calhoun*, for the appellant (defendant).

*James C. Shannon*, with whom was *Henry E. Shannon*, for the appellee (plaintiff).

HAINES, J. Evidence was offered for the plaintiff that Lebas, on February 20th, 1922, sold an automo-

bile to Frank G. Howe by conditional bill of sale, for $2,800; that $1,500 was paid at the time and the balance by thirteen notes of $100 each with interest, the first due March 20th, 1922, and the others in successive monthly periods thereafter; that the bill of sale provided the title to the car should remain in Lebas till all the notes were paid; that February 25th, 1922, the defendant issued a policy of insurance to "Frank G. Howe or Bert Lebas as their interest may appear," covering the theft of this car; that the interest which Lebas then had in the car was the title, and the amount of the interest was the total of the unpaid notes with interest; that about April 5th, 1922, in anticipation of payment of the notes, Lebas indorsed twelve of them "Paid April 5, 1922. Bert Lebas," and the other note, being in the hands of a third party as security for a loan, was not indorsed; that the notes were not in fact then or thereafter paid as anticipated; that the car was stolen April 28th, 1922, at which time it was worth $2,500 to $3,000; that Charles G. Kirby, Incorporated, was the duly-authorized agent of the defendant to adjust all losses under the policy, and was also the agent for fourteen other companies, and had been engaged in that kind of work for more than twenty years; that a few days before June 28th, 1922, Lebas, at the request of Kirby, the agent and representative of Charles G. Kirby, Jr., Incorporated, and in his presence, executed and delivered a proof of loss which had been prepared for him by the Kirby company; and further, that an unconditional bill of sale, dated July. 1st, 1922, to which the name of Lebas was attached, and which was put in evidence by the defendant, was not in fact signed by Lebas. It was conceded that defendant paid Lebas nothing, under the policy.

The appeal rests upon five general grounds, all re-

lating to claimed insufficiencies and inaccuracies in the charge, touching (1) improper remarks of Lebas' counsel before the jury, (2) the proof of loss, (3) the credibility of Howe, (4) the insurable interest of Lebas, and (5) the title to the car. The seventh reason of appeal claims error in the charge as a whole. We have repeatedly pointed out that an assignment in that form is improper and does not merit consideration by this court.

Counsel for Lebas referred to Howe in argument as "a low perjurer" and "a low scoundrel." No objection was interposed at the time by counsel for the defendant, and no motion was made to declare a mistrial. On the motion to set aside the verdict, defendant claimed these statements were improper and unwarranted by the evidence and calculated to unduly excite the prejudice, passion and bias of the jury against the defendant and thereby to influence the verdict. Such matters are to be weighed and decided by the trial judge. He has the "means of discerning the wiser course, which cannot well be spread upon a record," and he has a large discretion in that regard. "We should hesitate in any case to review his decision, without strong reason." *Cunningham* v. *Fair Haven & W. R. Co.,* 72 Conn. 244, 252, 43 Atl. 1047. We do not discover such reason in this case. It is the general rule, moreover, that objection must be made during the trial, so the court may have an opportunity to prevent or correct any wrong impression. *State* v. *Laudano,* 74 Conn. 638, 644, 645, 51 Atl. 860; *State* v. *Washelsky,* 81 Conn. 22, 28, 70 Atl. 62; *Hennessy* v. *Metropolitan Life Ins. Co.,* 74 Conn. 699, 710, 52 Atl. 490; *State* v. *Cabaudo,* 83 Conn. 160, 166, 76 Atl. 42.

Counsel further said to the jury that there were good and bad companies and that the latter hire adjusters

to minimize their losses, and these adjusters, by trickery and the use of technicalities, try to get the companies out of paying their just obligations as cheaply as possible, and added, "that the defendant company fits in the latter class of insurance companies, I must leave to you." This, too, was improper argument. It was seasonably objected to and the court at once said it recalled no evidence of such practice among insurance companies. Thereafter the court apparently felt that no serious harm could have been done to the defendant's cause, under the circumstances; we cannot hold as a matter of law that the court's discretion was abused. An assertion of this character, however, without any evidence to support it, was improper and indefensible, and merited a rebuke by the court. Such methods of argument are not to be sanctioned, but we do not disturb the conclusions of the trial court unless it is apparent to us that harm has been done. *Worden v. Gore-Meenan Co.*, 83 Conn. 642, 652, 78 Atl. 422.

In referring to the proof of loss which Lebas claimed he had seasonably filed, the court recalled to the jury the testimony of Lebas to the effect that he visited the defendant's adjuster, Kirby, and executed a paper prepared and put before him for that purpose by Kirby who claimed it was a proof of loss and so spoke of it, and told him that sixty days more must elapse before the loss could be paid. The court then said: "Of course, if that story of Mr. Lebas is true, why it would warrant the jury, probably, in finding that the proof of claim was duly filed." It was the duty of the court to definitely instruct the jury as to the legal result of their findings, and we construe the statement that the jury might "probably" find a fact as equivalent to saying that they might find it. Defendant claims error in the court's statement and in the failure of the court

to tell the jury that there was no evidence that the proof of loss was sworn to by Lebas, and in not calling their attention to the terms of the policy requiring the oath.

The jury had the policy before them as Exhibit A, and the requirement of an oath is there plainly stated.

If they believed the statement of Lebas, as they apparently did, that the paper was prepared by the authorized representative of the defendant and executed at his request and in his presence and that Kirby said it was the proof of loss, they were entitled to assume it was properly prepared, and properly executed under the agent's direction, especially when, as appears from the record, no question was asked of Lebas upon the stand as to whether he made oath to it as a necessary part of the execution, and no direct evidence upon this point was produced by the defendant. Further, the defendant did not request a charge concerning the requirement of the policy that the proof of loss should be sworn to. Under these circumstances we could not hold it error that the court failed to say whether or not there was evidence on this point or to charge that if the jury found the proof of loss had not been sworn to, they must find in favor of the defendant. Not only so, but if the statement of Lebas was true, the defendant was estopped to claim the proof of loss was not duly filed because not sworn to.

In *Cupo* v. *Royal Ins. Co.*, 101 Conn. 586, 126 Atl. 844, the defendant denied that the plaintiff had complied with the requirements of the policy in rendering a proof of loss "signed and sworn to by the assured . . . within sixty days after such loss." The plaintiff testified that a man claiming to act as agent, asked him to fill out a proof of loss, and upon plaintiff giving him

the necessary facts, this man filled out a paper which he said was a proof of loss, and plaintiff signed it and delivered it to the agent. Upon the trial, and after proper evidence of the fact that this man was an agent of the defendant, the question was presented of the effect of the failure of the plaintiff to swear to the paper which he signed. We there said (p. 593): "The plaintiffs, reasonably believing that an authorized agent of the defendant had procured from Salvatore [one of the plaintiffs] such a proof of loss as was satisfactory to it, rested content under such belief and made no further proof of loss signed and *sworn to* by them within the specified period. The jury found that the claimed agent was in fact the agent of the defendant, and that the defendant received such proof of loss as it required. The fact that its agent did not require Salvatore to swear to the proof of loss that it prepared, could not be urged by it in good conscience as a fatal defect in such proof of loss. By its conduct as found proved by the jury, it was estopped from making such claim. Such conduct creates an estoppel *in pais*. Such an estoppel can be proved without being pleaded."

When the action was begun, Lebas and Howe were joint plaintiffs, and all the pleadings were so entitled on both sides. Sometime after issue joined, Howe was dropped as a plaintiff, and he appeared at the trial as a witness for the defendant. One of the vital issues of fact was whether Lebas had received payment of the notes from Howe, and given the latter an unconditional bill of sale, Howe asserting and Lebas denying these claims upon the stand. Thus the question of credibility was brought sharply to the front.

The plaintiff offered evidence of the conviction of Howe for concealing an automobile sold on a conditional bill of sale, and the serving of sixty days in jail

as a penalty; of the divorce obtained from him by Mrs. Howe on the ground of adultery, and of his conviction for nonsupport of his children, followed by his escape from the State. The defendant made no objection to this evidence, but now, for the first time, attempts to deny its admissibility to affect the credibility of Howe; nor does it appear that any motion was made to strike it out or any request made to charge the jury upon the point. If the defendant felt the evidence was improper, it should, by appropriate and timely action, have given the trial court an opportunity to pass upon the question. The court told the jury Howe's record could be considered by them in making up their minds as to how far his word could be trusted. Under the circumstances, this was permissible. The evidence "came before the jury without objection, limitation or criticism, and, consequently, for any and all purposes; . . . Having come in without objection, it was available for whatever it was worth upon its face." *State* v. *Segar*, 96 Conn. 428, 437, 114 Atl. 389; *Poliner* v. *Fazzino*, 105 Conn. 350, 353, 135 Atl. 289; 4 Chamberlayne on Evidence, § 2701.

The defendant now claims Lebas did not have an insurable interest in the car, and in any event did not have an unconditional title within the meaning of that term as used in the policy. It is too late for the defendant to contest its liability on these grounds. These claims are not directly pleaded, they did not appear in the issues put before the jury, and the attention of the trial court was not brought to them by requests to charge or otherwise. *Fidelity & Casualty Co.* v. *Palmer*, 91 Conn. 410, 418, 99 Atl. 1052.

A careful reading of the entire evidence satisfies us we would not be justified in finding error in the refusal of the trial court to set aside the verdict. There were

two vital issues of fact before the jury—whether the notes were paid and the unconditional bill of sale given by Lebas, and whether the latter seasonably executed a proper proof of loss. The evidence on these issues was contradictory, but the jury found for Lebas upon both of them. It was their right to do so, and upon the record before us we cannot say they acted unreasonably. The action of the trial court in denying the motion to set aside the verdict was not erroneous.

Some of the testimony was obviously untrue. Without attempting to fix the responsibility for this, we may add that the outcome of the case does not appear, in any event, to be unjust to the defendant.

Defendant, by paying $200 to Howe, tacitly admitted a liability caused by theft of the car, which was worth $2,500 to $3,000. The amount of the present verdict, added to what has already been paid Howe, is nearly $675 less than the apparent minimum value of the car.

There is no error.

In this opinion the other judges concurred.