CLARA L. KLETT, ADMINISTRATRIX, (ESTATE OF JOSEPH KLETT) *vs.* EVERETON G. FRENYEA.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 23d—decided March 3d, 1930.

*Charles S. Hamilton,* with whom was *Morris M. Wilder,* for the appellant (plaintiff).

*Samuel E. Hoyt,* with whom, on the brief, was *George J. Grady,* for the appellee (defendant).

BANKS, J.  Plaintiff's intestate was killed as a result of a collision between a motor vehicle owned and operated by him and a truck owned and operated by the defendant.  The collision occurred on Middletown Avenue in North Haven near its intersection with Quinnipiac Avenue.  The plaintiff's intestate, driving south on Quinnipiac Avenue, turned into Middletown Avenue to proceed west on that avenue and came into collision with the defendant's truck which was proceeding east on Middletown Avenue.

The plaintiff claimed and offered evidence to prove that the defendant's truck was being negligently oper-

ated to the left of the center of the highway and collided with the car of the plaintiff's intestate which was well over on its right side of the road. The defendant claimed and offered evidence to prove that plaintiff's intestate, instead of turning the corner, went across Middletown Avenue as if he were to continue on Quinnipiac Avenue, and after he was past the intersection suddenly turned to the right across a triangular plot between a gasoline station and the intersection of the two streets and thence onto Middletown Avenue striking the right front corner of defendant's truck which was being operated on its right side of the highway.

The plaintiff requested the court to charge the jury as to the duty of the defendant to obey the rule of the road requiring a traveler upon the highway when meeting another traveler to seasonably turn to the right and give the other half of the traveled portion of the highway and an equal opportunity to pass. The court read the statute to the jury, told them that violation of the statute was negligence and that if the defendant violated the statute by passing over to the left of the center of the road and that this was the proximate cause of the accident their verdict should be for the plaintiff provided plaintiff's intestate was himself in the exercise of due care. This was unexceptionable, and a sufficient compliance with the plaintiff's request. The plaintiff also requested the court to charge as to the effect of a violation of the statute requiring one at a street intersection to keep to the right of the center of the intersection when turning to the left. The court read the statute to the jury but told them it had no application to the case since, according to the evidence and the claims of both parties, the defendant had not reached the intersection when the collision took place. The finding supports this

statement of the court and it rightly declined to charge as requested. In so far as the other requests to charge embodied matters which it was the duty of the court to submit to the jury they were properly covered in the charge as given. The plaintiff assigns as error a portion of the charge of the court with regard to the doctrine of supervening negligence. The court correctly stated the second of the four conditions which must be present, to wit: that after the plaintiff has come into a position of peril the defendant becomes aware or should in the exercise of reasonable care have become aware of that fact, and that the plaintiff cannot or will not escape, and then repeated the statement omitting the qualifying phrase "or should in the exercise of reasonable care have become aware." The plaintiff complains that the court thus eliminated from its statement of the condition the element of the exercise of reasonable care. Whatever merit there might be in this claim if the charge stopped here, the court left the matter in no doubt when it came to apply its formal statement of the doctrine to the facts in the case. It said: "You will recall the evidence and you will consider whether or not the plaintiff's intestate came into a position of danger in such time as the defendant, acting as a reasonably prudent person under the circumstances, would see or should have seen the position of danger in which the plaintiff's intestate was in time to avoid injury." Other assignments of error in the charge are without merit.

The assignments of error in rulings on evidence were not pursued upon the argument. The rulings were either clearly right or of such minor importance as in no event to constitute reversible error. The plaintiff predicates error upon an excerpt from the argument of counsel for the defendant which is made a part of the finding. We see nothing objectionable in the argu-

ment criticised. Nor does it appear that the attention of the court was called to it or any exception taken at the time. *Lebas* v. *Patriotic Assurance Co.,* 106 Conn. 119, 122, 137 Atl. 241.

There is no error.

In this opinion the other judges concurred.