STATE OF CONNECTICUT *v.* PAUL VAN VALKENBURG

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 4—decided December 15, 1970

*Arthur A. Hiller,* with whom, on the brief, were *A. Reynolds Gordon* and *Joseph Biafore, Jr.,* for the appellant (defendant).

*Donald A. Browne,* assistant state's attorney, with whom, on the brief, was *Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

ALCORN, C. J. The defendant was convicted by a jury of the crime of burglary and has appealed from the judgment rendered on the verdict.

One assignment of error is the alleged action of the trial court in refusing to permit defense counsel to question two prospective jurors during the voir dire concerning their personal feelings and possible prejudice in the event that the defendant failed to testify. There is no factual basis for this claimed error. The unattacked finding discloses that the court permitted defense counsel repeatedly to inquire concerning whether the defendant's failure to testify would affect the juror's decision as to the defendant's guilt or innocence. The only rulings

made by the court were to sustain the state's objections to a question which was nevertheless answered and to questions obviously defective in form but for which neither the ground of admissibility nor the ground of objection was stated in order to make the ruling reviewable. Practice Book § 226; *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 612, 236 A.2d 466. The defendant's claim of error as to the voir dire is without merit.

We are constrained to observe in passing that the prevalent trial technique of putting prospective jurors on trial under the guise of a voir dire before commencing the actual trial of the case is a major cause of clogged dockets and prolonged trials. As we said in *State* v. *Mendill,* 141 Conn. 360, 362, 106 A.2d 178, "all too frequently such inquiries represent a calculated effort on the part of counsel to ascertain before the trial starts what the reaction of the venireman will be to certain issues of fact or law or, at least, to implant in his mind a prejudice or prejudgment on those issues. Such an effort transcends the proper limits of the voir dire and represents an abuse of the statutory right of examination." The trial court has a wide discretion in conducting the examination of jurors, the exercise of which is not reversible error unless it is clearly abused or a litigant has been prejudiced thereby. *Childs* v. *Blesso,* 158 Conn. 389, 394, 260 A.2d 582. "Questions addressed to prospective jurors involving assumptions or hypotheses concerning the evidence which may be offered at the trial or instructions which may be given by the court should be discouraged." *State* v. *Mendill,* supra. Both court and counsel should be alert to a duty to avoid a perversion of the privilege accorded to litigants by § 51-240 of the General Statutes.

The only other assignments of error pursued in the brief relate to the court's charge to the jury. The defendant made no request to charge and took no exception following the charge as required by § 249 of the Practice Book. It is our settled practice that, with the exception noted below, the errors claimed in the charge cannot be considered under such circumstances. *State* v. *Magoon,* 156 Conn. 328, 335, 240 A.2d 853; *State* v. *Mallette,* 153 Conn. 584, 587, 219 A.2d 447, and cases cited. The requirement that either a request to charge be made or an exception be taken if a portion of a charge is to be assigned as error merely implements the fundamental rule that we do not attempt to review on appeal a question which was never raised in or passed on by the trial court. Our practice "does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal." *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442.

The limited exception to this rule arises when it appears that the defendant's federal constitutional rights have been violated by the charge complained of, and in such a case we hold in accordance with the principle laid down by the United States Supreme Court in *O'Connor* v. *Ohio,* 385 U.S. 92, 87 S. Ct. 252, 17 L. Ed. 2d 189, that we will consider assigned error in the charge even though Practice Book § 249 was not complied with. *State* v. *Vars,* 154 Conn. 255, 271, 224 A.2d 744.

The defendant contends that the errors assigned

in this case are entitled to consideration under this exception. The first assignment of error is directed at a portion of the charge relating to General Statutes § 52-145, which provides that "[n]o person shall be disqualified as a witness in any action by reason of his interest in the event of the same as a party or otherwise, . . . or of his conviction of crime; but such interest or conviction may be shown for the purpose of affecting his credit." The defendant claims that it was error for the court to inform the jury as to the historic common-law background of the statute and the purpose intended to be served by it. The defendant also assigns error in an excerpt from the charge, taken out of context, relating to the state's burden of proof with respect to the identification of the accused as the perpetrator of the crime charged. These assignments of error do not present questions of federal constitutional dimensions and hence do not involve claims which are reviewable under the principle laid down in *O'Connor* v. *Ohio,* supra, in the absence of either a request to charge or an exception to the charge. Consequently, we do not consider the assignments of error addressed to the charge.

There is no error.

In this opinion the other judges concurred.