STATE OF CONNECTICUT *v.* EDWARD MALLEY, JR.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 4—decision released December 17, 1974

*J. Daniel Sagarin,* for the appellant (defendant).

*Walter H. Scanlon,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald,* state's attorney, for the appellee (state).

House, C. J. The defendant was charged in a three-count information with possession and sale of a controlled substance, LSD, in violation of §§ 19-481 (b) and 19-480 (b) of the General Statutes. After a trial by jury, he was found guilty on the first two counts of the information and, by direction of the court, not guilty on the third count.

On his appeal to this court the defendant has been represented by counsel other than the attorney who represented him during the trial. He filed seven assignments of error. Two of them were expressly abandoned on appeal. The remaining assignments claim error in the court's denial of the defendant's motion to set aside the verdict, in the court's charge to the jury, and "[i]n allowing, refusing to strike and/or failing to give cautionary instructions as to the testimony elicited by the prosecutor and the arguments of the prosecutor."

With respect to the court's denial of the defendant's motion to set aside the verdict, it is the defendant's claim that the court erred because, he asserts the verdict was "contrary to law and was against

the weight of the evidence because the conflicting evidence offered by the state was not sufficient to support a verdict and because testimony as a whole was not sufficient to support a verdict." Whether the evidence supports a verdict is tested by the summary of the evidence as printed in the appendices to the briefs. *State* v. *Coleman,* 167 Conn. 260, 262, 355 A.2d 11; *State* v. *Siberon,* 166 Conn. 455, 352 A.2d 285. From this source, it appears that there was evidence from which the jury could find the following facts: On August 21, 1970, Robert Laviana and Richard Staebler, members of the Central Naugatuck Valley Regional Narcotics Squad, were working as undercover agents in Waterbury. The two officers were approached by the defendant who offered to sell them some LSD. The officers drove to a prearranged meeting place where they met the defendant and purchased the drugs which, upon analysis by the state toxicologist, proved to be LSD, a hallucinogenic drug. The defendant denied that he had made any sale to the officers and testified to his presence elsewhere at the time the officers testified they purchased the drugs from him. He offered the testimony of two witnesses to support his alibi. The issue, therefore, resolved itself into one of credibility to be determined by the jury as the trier of fact; *State* v. *White,* 155 Conn. 122, 123, 230 A.2d 18; *State* v. *Hodge,* 153 Conn. 564, 572, 219 A.2d 367; and the evidence must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Benton,* 161 Conn. 404, 409, 288 A.2d 411. There is ample evidence summarized in the appendix to the state's brief to support the verdict of the jury; and we find no error in the ruling of the trial court denying the defendant's motion to set aside the verdict.

The defendant assigned error in the court's charge to the jury on the weight to be given to the testimony of alibi witnesses. The charge was in substance the same as that approved by this court in *State* v. *Cari,* 163 Conn. 174, 181–82, 303 A.2d 7, in which case we discussed the discretion of the trial court to make fair comment on the evidence and particularly to charge on the credibility of witnesses generally and alibi witnesses in particular. It is well settled that a charge to the jury is to be judged in its entirety and error cannot be predicated on detached sentences or portions of the charge. *State* v. *Raffone,* 161 Conn. 117, 127, 285 A.2d 323; *State* v. *Tropiano,* 158 Conn. 412, 433, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288. The defendant now claims that the court should not have given the portion of the standard alibi charge which cautions the jury that frequently evidence concerning a claimed alibi will consist, in part at least, of testimony of witnesses who may be friends or associates of the accused and who may, therefore, be held to be in a greater or lesser degree interested. This portion of the standard charge was not pertinent in the circumstances of this case since there was no evidence that the alibi witnesses were in fact friends or associates of the defendant. We cannot, however, conclude that it is reasonably probable that this inadvertent observation would have misled the jury. See *Cackowski* v. *Jack A. Halprin, Inc.,* 132 Conn. 67, 71, 42 A.2d 838; *McMahon* v. *Bryant Electric Co.,* 121 Conn. 397, 406, 185 A. 181. The remainder of the charge concerning alibi witnesses was pertinent and correct, defense counsel pointed out in his argument to the jury that both alibi witnesses "had no interest in this case" and, of controlling importance on appeal, the defendant made no request to

charge and took no exception to the charge as required by § 249 of the Practice Book as amended.[1] As we reiterated in *State* v. *Van Valkenburg,* 160 Conn. 171, 174, 276 A.2d 888: "The requirement that either a request to charge be made or an exception be taken if a portion of the charge is to be assigned as error merely implements the fundamental rule that we do not attempt to review on appeal a question which was never raised in or passed on by the trial court. Our practice 'does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal.' *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442." The assignment of error based on the inclusion in the charge of the reference to the frequency of the appearance of friends and associates of an accused as alibi witnesses clearly does not present a question of federal constitutional dimensions and hence does not involve a claim which is reviewable under the principle laid down in *O'Connor* v. *Ohio,* 385 U.S. 92, 87 S. Ct. 252, 17 L. Ed. 2d 189, in the absence of either a request to charge or an exception to the charge.

The defendant's remaining assignment of error is predicated on a claim that the state's attorney

[1] "[Practice Book] Sec. 249. [REQUESTS TO CHARGE AND EXCEPTIONS] —NECESSITY FOR   The supreme court . . . shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

introduced throughout the trial in his summation to the jury "inflammatory material" and "prejudiced the jury by constant references to the seriousness of the LSD problem." He claims that the trial court erred "[i]n allowing, refusing to strike and/or failing to give cautionary instructions as to the testimony elicited by the prosecutor and the arguments of the prosecutor" as stated in seven paragraphs of the finding. Four of these paragraphs concern the admission of evidence and three of them concern comments of the state's attorney during his argument to the jury.

We consider first the claims of error relating to the admission of evidence. The police officers were asked whether they had observed the effects of LSD on people and the families of people using the drug. They both answered simply that they had. Neither officer testified as to what effects he had observed and the court sustained an objection to any inquiry beyond a simple answer of yes or no to the question of whether an observation had been made. There was clearly no error here. The defendant, on direct examination, testified that he had never used narcotics and that all he knew about LSD was what he had heard and read about it or had seen on television. On subsequent cross-examination he was asked what knowledge he had gleaned from these sources. The only objection to the line of inquiry was that it was improper because the defendant was not "an expert to testify." The court overruled this objection stating: "If he doesn't know, he can say he doesn't know. He realizes that." We find nothing erroneous in the court's ruling, particularly since the line of inquiry as to the extent of the defendant's knowledge of the drug was opened by the questions put to him on direct examination. See *Akers* v.

*Singer,* 158 Conn. 29, 36, 255 A.2d 858; *Fahey* v.
*Clark,* 125 Conn. 44, 47, 3 A.2d 313. The remaining
assignment of error on the admission of evidence
requires only the briefest mention. The state toxi-
cologist, Abraham Stolman, testified as to what is
an hallucinogenic drug and its effect on the human
body. Not only did the defendant make no objection
to the admission of the state toxicologist's testimony,
but since the charges against the defendant involved
the possession and sale of a "controlled drug," and
hallucinogenic substances are included in the stat-
utory definition of that term[2] there is no merit to this
assignment of error. In conclusion of our discus-
sion of the assignments of error with respect to the
admission of evidence it is pertinent to note that
error is assigned not only to the "allowing" of the
testimony but to the court's "refusing to strike
and/or failing to give cautionary instructions as
to the testimony elicited by the prosecutor." Since
the same claim is made with respect to the argu-
ment of the prosecutor and will be discussed herein-
after, it suffices for the present discussion about
evidence to note that the record discloses no request
by the defendant that any of the testimony be
stricken and no request whatsoever for any cau-
tionary instructions.

The defendant's other claims of error concern
remarks made by the state's attorney in the course
of his closing argument to the jury with par-
ticular reference to his comments about the nature
and seriousness of the offenses with which the
defendant was charged and his comments that
because the defendant chose to take his case to
trial the usefulness of the two police officers as

---

[2] General Statutes § 19-450a.

undercover narcotics agents was destroyed. The controlling factor in our consideration of these claims of error is that they were raised for the first time in this court by new counsel on the appeal and that no objection whatsoever was raised in the trial court, nor was the trial court alerted to any dissatisfaction or claim on the part of the defendant at a time when by proper objection or request for a corrective instruction by the court any error could have been corrected. "We have repeatedly reiterated that this court will not consider claimed errors on the part of the trial court unless there has been a compliance with the provisions of § 652 of the Practice Book."[3] *State* v. *Evans,* 165 Conn. 61, 67, 327 A.2d 576, and cases cited therein; see also *State* v. *Johnson,* 166 Conn. 439, 352 A.2d 294. Regardless of the failure of the defendant to make any objection to the argument of the state's attorney, it is pertinent to note that the latter's comments on the seriousness of drug trafficking were invited, if not induced, by the argument of defense counsel on the same subject in which he informed the jury that he anticipated that the state's attorney would in his closing argument discuss the seriousness of the problem. The comments of the state's attorney about the necessity for the police officers to "blow their cover" by testifying in the case would, taken alone, appear to be improper and wholly irrelevant to the issue of the guilt or innocence of the defendant. If they were in fact improper and irrelevant then, without a doubt, if the defendant had raised an

---

[3] "[Practice Book] Sec. 652. ERRORS CONSIDERED This court shall not be bound to consider any errors on an appeal unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial."

objection at the time it would have been sustained and the jury cautioned to disregard the comments. In any event, there would be a record on which this court could properly review any ruling by the court in the context of all the evidence produced at the trial. It is too late to raise an objection for the first time on appeal when the trial court has not been called upon for a ruling and all opportunity for the trial court to give the jury a cautionary instruction has passed. "[T]he fact that counsel for the accused took no exception to the remarks of the State's Attorney, either at the time they were made or at the close of his argument, was a waiver of the right of the accused to now press this assignment of error. *State* v. *Frost*, 105 Conn. 326, 338, 135 Atl. 446." *State* v. *Kirschenbaum*, 109 Conn. 394, 409, 146 A. 837.

As we observed in *State* v. *Evans*, supra, 70: "There appear, then, to exist only two situations that may constitute 'exceptional circumstances' such that newly raised claims can and will be considered by this court. The first is the *Vars* [*State* v. *Vars*, 154 Conn. 255, 224 A.2d 744] situation, where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal. This exception is reasonable because a claim not raised is deemed waived, and a litigant should not be held to have waived an unknown right. *O'Connor* v. *Ohio*, 385 U.S. 92, 87 S. Ct. 252, 17 L. Ed. 2d 189. The second 'exceptional circumstance' may arise where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." The record in the case before us does not disclose that the defendant has established the existence of either

of the two "exceptional circumstances" that would justify our consideration of claims not raised at the trial level.

There is no error.

In this opinion SHAPIRO, LOISELLE and MACDONALD, Js., concurred.

BOGDANSKI, J. (dissenting). I cannot agree with the conclusion of the majority that the defendant waived his right to challenge the improper comments made by the state's attorney. Those remarks brought highly prejudicial facts before the jury without any support in the evidence and deprived the defendant of his constitutional right to a fair trial. Compliance with § 652 of the Practice Book is not required "where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576. The record in this case amply supports such a claim. Furthermore, this court has stated that a new trial may be granted in cases of "flagrantly improper" comment by the state's attorney, notwithstanding the defendant's failure to call the trial court's attention to the objectionable remark. *State* v. *Frost,* 105 Conn. 326, 338, 135 A. 446; *State* v. *Washelesky,* 81 Conn. 22, 28, 70 A. 62; *State* v. *Laudano,* 74 Conn. 638, 645, 51 A. 860.

Prosecutors cannot infringe upon constitutionally protected rights of an accused by conduct during the course of the trial. Where that has been done, the courts have not hesitated to reverse convictions. See, e.g., *Griffin* v. *California,* 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106, rehearing denied, 381 U.S. 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730 (comment by the

prosecutor on the accused's silence); *United States* v. *Wright,* 489 F.2d 1181 (D.C. Cir.) (comment by the prosecutor on the defendant's character as evidenced by his courtroom behavior); *Racine* v. *State,* 290 Ala. 225, 275 So. 2d 655 (comments by the prosecutor with no support in the record suggesting that the defendant had sold drugs to children and that he had committed numerous other crimes); *State* v. *McClure,* 504 S.W.2d 664 (Mo. App.) (prosecutor's reference to the defendant's military status and statement that the defendant was running away from his responsibility to his country, which comments were totally irrelevant to the crime charged); *Commonwealth* v. *Lipscomb,* 455 Pa. 525, 317 A.2d 205 (prosecutor's argument that the dead victim would be his best witness, recital of what that testimony would have been, and characterization of the defendant as a "hoodlum" and an "animal"); *Lopez* v. *State,* 500 S.W.2d 844 (Tex. Crim. App.) (comments by the prosecutor that he was "concerned about the open season on police officers" and that the defendants were lying when they entered their pleas of not guilty).

A prosecutor is not an ordinary advocate. His duty is to see that justice is done and to refrain from improper methods calculated to produce prejudice and wrongful decisions by the jury. *Berger* v. *United States,* 295 U.S. 78, 88, 55 S. Ct. 629, 79 L. Ed. 1314; *United States* v. *Kravitz,* 281 F.2d 581, 587 (3d Cir.). In *State* v. *Ferrone,* 96 Conn. 160, 168–69, 113 A. 452, this court said regarding the duties of the prosecutor: "The case before us is a criminal case, and the counsel whose statements are in question is the State's Attorney. He is not only an officer of the court . . . but is also a high public officer, representing the people of the State, who

seek impartial justice for the guilty as much as for the innocent. . . . By reason of his office, he usually exercises great influence upon jurors. His conduct and language in the trial of cases in which human life or liberty are at stake should be forceful, but fair, because he represents the public interest, which demands no victim and asks no conviction through the aid of passion, prejudice, or resentment. If the accused be guilty, he should none the less be convicted only after a fair trial, conducted strictly according to the sound and well-established rules which the laws prescribe. While the privilege of counsel in addressing the jury should not be too closely narrowed or unduly hampered, it must never be used as a license to state, or to comment upon, or to suggest an inference from, facts not in evidence, or to present matters which the jury have no right to consider. *Worden* v. *Gore-Meenan Co.,* 83 Conn. 642, 652, 78 Atl. 422 . . . . This law was not observed and enforced in this case. Because it was not, the accused has not had an impartial trial. Therefore the verdict must be set aside."

The record in this case discloses that the state's attorney made the following statements to the jury during his summation: "The police officers have testified here before you. *They have blown their cover.* They come in here and identify before you, two excellent trained investigators, undercover men who, you heard their testimony, purchased over a hundred various items of heroin, LSD and other controlled drugs. They have come in and we have lost them as undercover men *due to this case,* but we put them on here as witnesses before you, because this LSD problem and the sale of it is such a serious offense. . . . They go around with a beard and attempt to buy these drugs, and they succeeded.

*But something went wrong with Mr. Malley this time* because these men came into court *and testified before you,* ladies and gentlemen of the jury. . . . Now, with respect to this drug scene, there are few people fighting it and a few of them are the two that testified here. There aren't many others, and we have *lost them due to this trial."* (Emphasis added.)

These comments by the prosecutor were totally gratuitous and uncalled for. There was no evidence that the undercover agents were prevented from working in other geographic areas. There was no evidence that the disclosure of their names would affect their ability to continue as undercover agents. The effect of these comments was to prejudice the jury against the defendant for exercising his constitutional rights to a trial by jury and to confront the witnesses against him. U.S. Const. amend. VI; Conn. Const. art. 1 § 8. The state's attorney's account why the officers were put on the stand was misleading. They testified not for the reasons given by the state's attorney, but because the defendant had a right to confront his accusers. The comment that the state lost them due to this trial was wholly unwarranted. Moreover, the comment that "something went wrong with Mr. Malley this time" could only lead the jury to speculate that past criminal conduct on his part had gone unpunished.

The state's attorney commented further: "This question of the use of these psychedelic or hallucinogenic drugs has inflamed our country and has put many of us to asking questions about the use of this drug by our young people. We often hear the expression the drug scene. And when we think of the drug scene, we think of what we see on television, what we hear about, the group in Greenwich

Village, young people dressed in hippie style using marihuana, LSD, speed, some one of these other drugs who turn on, but that is not the drug scene as we see it."

Again, these comments had no basis in the evidence and had no business in the case.

In passing, I note that a major issue in the case was the defendant's alibi and that the jury deliberated for some time before returning their verdict of guilty. This was not a case where overwhelming evidence of guilt would permit a conclusion that the prejudicial comments were but harmless error. See, e.g., *United States* v. *Bivona,* 487 F.2d 443 (2d Cir.); *People* v. *Parker,* 15 Ill. App. 3d 774, 305 N.E.2d 228; *State* v. *Tillem,* 127 N.J. Super. 421, 317 A.2d 738.

In my view, the defendant was penalized for exercising his right to a jury trial and his right to confront the witnesses against him. He was thus deprived of his fundamental right to receive a fair and impartial trial.

I would find error, set aside the verdict and order a new trial.