STATE OF CONNECTICUT *v.* ANONYMOUS (1976-4)*

APPELLATE SESSION OF THE SUPERIOR COURT

SPEZIALE, J. Upon a complaint by L that he was the victim of a "flim-flam" carried out by three men, the defendant was arrested together with his brother, and S. On a trial before a jury the defendant was found guilty of the crime of conspiracy to commit larceny in the second degree. The state's only witness was L, and S was the sole

---

* Thus entitled, in view of General Statutes § 54-90.

witness for the defense. S's testimony contradicted that of L. The defendant did not testify. According to L, on November 26, 1973, the defendant's brother, in the company of the defendant and S, offered to sell him some television sets and snow blowers. L testified that he accepted that offer, met the three men that evening and went with the defendant's brother to pick up the merchandise. After handing the money to the defendant's brother he waited in vain for the television sets and snow blowers to be loaded on his truck. S testified that he, not the defendant's brother, was responsible for the negotiations regarding the "sale" and that he took the money from L without delivering the merchandise. He also stated that the defendant had nothing to do with the transaction.

As noted above, the defendant exercised his constitutional right not to take the witness stand. The record discloses that the prosecuting attorney made the following statement to the jury during his summation: "What we want to know is, did someone commit a larceny in this case. If everyone denied the whole story, you might have some more to talk about. That isn't what happened." The principal issue before this court, raised by one of the defendant's assignments of error, is whether those remarks by the prosecuting attorney deprived the defendant of his constitutional and statutory rights, and thus denied him a fair trial.

It is significant that that claim of error was raised for the first time on appeal. The general rule is that an objection must be made and ruled upon in the trial court to preserve a claim on appeal. Practice Book §§ 226, 587, 652; *Murchison* v. *Skinner Precision Industries, Inc.*, 162 Conn. 142, 153; *State* v. *Vars*, 154 Conn. 255, 271; *State* v. *Taylor*, 153 Conn. 72, 86–87. "Only in most exceptional circum-

stances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69. One "exceptional circumstance" is the situation presented in *State* v. *Vars,* supra, "where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal. This exception is reasonable because a claim not raised is deemed waived, and a litigant should not be held to have waived an unknown right. *O'Connor* v. *Ohio,* 385 U.S. 92 . . . ." *State* v. *Evans,* supra, 70. The general rule may also be waived in cases where the proscribed comment constitutes a flagrant abuse of the prosecuting attorney's privilege. *State* v. *Frost,* 105 Conn. 326, 338; *State* v. *Washelesky,* 81 Conn. 22, 28; *State* v. *Laudano,* 74 Conn. 638, 644–45. A final exception arises "where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* supra, 70; *State* v. *Dukes,* 157 Conn. 498, 502. See *State* v. *Malley,* 167 Conn. 379, 388 (opinion of *Bogdanski, J.,* dissenting). We believe the present case falls within the last exception.

The right of an accused not to take the witness stand in his own criminal trial is his federal privilege against compulsory self-incrimination.. *Malloy* v. *Hogan,* 378 U.S. 1. That right of silence is also statutorily set forth in § 54-84 of the General Statutes.[1] Comment by the prosecuting attorney or the court on the defendant's failure to testify is prohibited by the fifth amendment of the federal constitution. *Griffin* v. *California,* 380 U.S. 609. A direct or indirect remark by a prosecuting attorney

---

[1] Section 54-84 of the General Statutes provides in pertinent part: "Any person on trial for crime . . . at his or her option may testify or refuse to testify upon such trial. . . . The neglect or refusal of an accused party to testify shall not be commented upon to the court or jury."

which draws the jury's attention to the fact that the accused has failed to testify may violate the accused's right. The test for evaluating the prosecutor's remarks is: "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" *United States ex rel. Leak* v. *Follette,* 418 F.2d 1266, 1269 (2d Cir.), cert. denied, sub nom. *Leak* v. *Follette,* 397 U.S. 1050; *State* v. *Evans,* supra, 72.

In the case before us we must determine if the prosecutor's remarks ("If everyone denied the whole story, you might have some more to talk about. That isn't what happened.") could have been understood by the jury to refer to the defendant's failure to take the stand. We must consider the prosecutor's remark in context. *State* v. *Annunziato,* 169 Conn. 517, 532. If the word "everyone" can be taken to include the defendant, then the remark is inappropriate. Four people could have testified about the events in this case—the complaining witness L, the defendant, the defendant's brother, and S. Only L and S testified, the latter contradicting or "denying" part of L's story. The only others capable of "denying" "the whole story" were the defendant and his brother. Neither of them testified. Under those circumstances it appears that the jury could reasonably have understood the words "everyone" to include the defendant and his brother. We conclude, therefore, that the remarks of the prosecuting attorney violated the defendant's rights under *Griffin* v. *California,* supra, and § 54-84 of the General Statutes.

A violation of the *Griffin* rule requires reversal if the error is not harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U.S. 18, 24. In

this case, the prosecutor's remarks to the jury allowed them reasonably to infer that the defendant would have denied the complaining witness' story if it were not true. That inference by the jury could have contributed to the defendant's conviction. We cannot conclude that that error was harmless beyond a reasonable doubt. See *State* v. *Chasse,* 4 Conn. Cir. Ct. 276, 279.

A prosecuting attorney has special duties because he is an officer of the state as well as an officer of the court. His primary duty is to see that justice is done, not to obtain convictions. He is obligated to act fairly and impartially, and he must exercise great caution to refrain from conduct which could improperly influence the jury. The jury, the court, and the defendant rely on the prosecutor to fulfil his obligations. *Berger* v. *United States,* 295 U.S. 78, 88; *State* v. *Malley,* 167 Conn. 379, 389 (opinion of *Bogdanski, J.,* dissenting); *State* v. *Ferrone,* 96 Conn. 160, 168–69. The remarks of the prosecuting attorney were prejudicial and prevented the defendant from receiving a fair trial. We conclude a new trial is required; therefore, it is unnecessary to discuss the other claims of error raised by the defendant. *State* v. *Annunziato,* 154 Conn. 41, 45.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion A. ARMENTANO and SPONZO, Js., concurred.